In the Matter of DAVID J., a Person Alleged to be a Juvenile Delinquent, Appellant.*

Third Department, October 25, 1979

* Name used herein is fictitious for purposes of publication.

## APPEARANCES OF COUNSEL

*Gerald A. Dwyer* for appellant.

*George A. Maksail, County Attorney (Thomas B. Hayner* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

At approximately 10:30 P.M. on July 26, 1978 Mrs. Jeanette Smith was reading in the living room of her second floor flat at 712 Craig Street in the City of Schenectady when she was accosted by a male who held a knife to her throat and threatened her while forcibly stealing property, including two television sets, a stereo turntable and a purse containing currency. Immediately after the incident, appellant was apprehended by police in the back seat of a nearby automobile in which the stolen items and a knife were also discovered. As a result, a juvenile delinquent petition and a designated felony act petition were filed in Family Court of Schenectady County against appellant, and following a fact-finding hearing, appellant was adjudged to be a juvenile delinquent. There ensued a dispositional hearing after which the court placed appellant in the custody of the New York State Division for Youth for a three-year period with the direction that he be restrictively placed for confinement in a secure facility for 12 months.

On this appeal, appellant contends that he and other youths similarly situated are entitled to jury trials in designated felony act proceedings because, once the court determines in such a proceeding that a youth has committed a designated felony act and that restrictive placement is required, the youth must necessarily be confined in a secure facility for youth for a fixed minimum term pursuant to subdivisions 3 and 4 of section 753-a of the Family Court Act. In support of this argument, appellant asserts that a jury trial must be permitted because the minimum term of confinement requirement transforms the subject proceedings with the result that

they are criminal and retributive, rather than rehabilitative, in nature.

■ We disagree, and initially note that in section 711 of the Family Court Act the Legislature has expressly provided that in these proceedings the court is to consider the needs and best interests of the appellant youths and the need for protection of the community, and no mention is made in the statute of punishing the youths or seeking retribution. Moreover, the specific factors which the court is to consider when determining whether restrictive placement is required are also formulated to aid in the rehabilitation of the youths involved and to protect the community, rather than to mete out punishment (Family Ct Act, § 753-a, subd 2). In the present instance, Family Court's decision demonstrates that its determination that restrictive placement was required for appellant was grounded upon the statutory guidelines. Surely, the Legislature could reasonably conclude that the best interests of youths who have perpetrated acts which would be serious crimes if committed by adults would be served by a period of mandatory placement in a secure facility where guidance and rehabilitation services would be available, and it is noteworthy that Family Court directed that appellant be evaluated by the Bronx State Psychiatric Unit to determine whether treatment at that facility would be appropriate for him.

Furthermore, it is significant that the Supreme Court of the United States in *McKeiver v Pennsylvania* (403 US 528) has refused to extend the right to a jury trial to juvenile proceedings, and in its decision in that case it set forth cogent reasons why such a course would be ill-advised. Most notably, it pointed out that to so provide jury trials would necessarily equate juvenile proceedings and criminal trials. As a result, "the traditional delay, the formality, and the clamor of the adversary system and, possibly, the public trial" would be injected into the juvenile court system *(McKeiver v Pennsylvania, supra,* p 550) and removed therefrom would be the informality, flexibility, paternal attention and concern so necessary for the effective treatment of juveniles and the proper functioning of the juvenile system.

Under all these circumstances, we hold that youths such as appellant have no right to a trial by jury in designated felony act proceedings even though defendants in criminal proceedings are constitutionally guaranteed such a right (US Const, 6th Amdt; NY Const, art I, § 2). Various factors, including the

tender years of respondents in juvenile proceedings and the added emphasis upon rehabilitation as opposed to punishment therein, serve to distinguish those proceedings from criminal prosecutions. Such being the case, the adoption and employment in the juvenile system of procedures different from those in the criminal justice system is plainly justified (cf. *People ex rel. Wayburn v Schupf,* 39 NY2d 682).

■ Turning now to appellant's second contention, we likewise cannot agree that he had a right to counsel at the intake stage of the instant proceeding merely because Family Court had a right to hear and consider any self-incriminatory evidence obtained from him at that time. The court's access to such evidence cannot serve to prejudice appellant because the purpose of the intake procedures is to benefit prospective respondents by adjusting suitable cases and avoiding the filing of petitions if possible (Family Ct Act, § 734), and, most importantly, no statement made during a preliminary conference may be admitted into evidence at a subsequent fact-finding hearing or criminal trial (Family Ct Act, § 735).

■ Lastly, the court did not err in admitting into evidence the knife which was found in the back seat of the car immediately after appellant's arrest. Even conceding that Mrs. Smith's identification testimony relative to the knife was vague and inconsistent, her unequivocal testimony that she was threatened with a knife and the discovery of the knife where appellant was apprehended provide ample basis for the court's ruling (cf. *People v Randolph,* 40 AD2d 806; *People v O'Bryan,* 36 AD2d 548).

The order should be affirmed, without costs.

MAHONEY, P. J., GREENBLOTT, KANE and HERLIHY, JJ., concur.

Order affirmed, without costs.