■ In the Matter of KAREN XX., a Person Alleged to be a Juvenile Delinquent. — Appeal, by permission, from an order of the Family Court of Ulster County (Elwyn, J.), entered June 11, 1981, which granted respondent's motion to suppress as involuntary an inculpatory statement which she gave to the police. In a petition of New York State Police Investigator C. G. Lecakes to the Ulster County Family Court, it is alleged that on March 3, 1981, with intent to kill a five-year-old child, the 13-year-old respondent herein did bind the arms and feet and gag the mouth of the child and place her in a clothes dryer after wrapping her in a plastic bag. It is further alleged that the foregoing acts of respondent, if done by an adult, would constitute the crime of attempted murder in the second degree and that the petition is based on an oral tape-recorded statement given to petitioner by respondent. In his prayer for relief,

petitioner seeks to have respondent adjudged a juvenile delinquent and dealt with in accordance with the provisions of article 7 of the Family Court Act. On April 29, 1981, a *Huntley* hearing was conducted to determine the voluntariness of respondent's inculpatory statement to the police, which she made in the presence of her legal guardian, a 27-year-old sister, but without the assistance of counsel, and ultimately the court granted respondent's motion to suppress the statement on the ground that it was involuntary. Petitioner now seeks a reversal of the order granting the motion, and the fact-finding hearing on the petition has been stayed pending resolution of this appeal. We hold that the challenged order should be affirmed, and in so ruling, we note the particularly heavy burden which rests on the State, in the case of a juvenile charged as a delinquent, to show that there has been a genuine waiver by the juvenile of his or her right to counsel so that a subsequent statement can be considered voluntary (*Matter of Lawrence S.,* 29 NY2d 206). Moreover, as the United States Supreme Court made clear in *Von Moltke v Gillies* (332 US 708, 724), a waiver is valid only when made with a broad understanding of the matter at issue including "an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof". Here, it is highly doubtful that the youthful respondent had the requisite understanding of her situation when she waived her right to counsel and gave her statement. The police concede that in their discussion with respondent's guardian they went into little detail in explaining what was happening, and the testimony at the *Huntley* hearing in general indicates that, prior to respondent's statement, she and her sister had, at best, a minimal understanding of the various options available to respondent. Furthermore, it is likewise most significant that during her interrogation by the police, respondent initially protested her innocence and only made her inculpatory statement after the police had embarked on a course of questioning which might well have deceived her into believing that she need only confess her involvement in the affair and she would be forgiven and escape unpunished. In this regard, it is noteworthy that the police assured her, *inter alia,* that they already knew all the answers, that they were trying to help her, that nobody wanted to hurt her, that her sister would make sure nothing happened to her, that they could understand how the incident with the five-year-old child could have happened when kids were playing, and that she would feel better if she did not keep so much built up inside of her, but instead "got it out". Only after hearing these expressions of concern and assurances that she would not be hurt did respondent break down and admit her part in the subject incident, and then the police immediately petitioned Family Court to have respondent adjudged a juvenile delinquent based on her inculpatory statement. In our judgment, Family Court was clearly justified in concluding that there was something inherently unfair in the manner in which the police extracted the confession from a 13-year-old girl and then proceeded to use it against her, and such a conclusion is particularly warranted where, as noted above, the youth likely had little understanding of her predicament and of the risks inherent therein. Under all these circumstances, the court properly found that the recorded statement was involuntary, and the granting of the motion to suppress should not be disturbed (cf. *Matter of Lawrence S., supra*). Order affirmed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.