■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY BARNES, Respondent.
Memorandum: Defendant, 15 years old, was arrested for raping, burglarizing, robbing and assaulting an elderly woman. Before questioning defendant, the police determined that defendant's brother-in-law was the person legally responsible for the child's care and brought him to the public safety building to be present at the questioning. The court found that the police strictly complied with all the requirements of Family Court Act § 305.2 before advising defendant of his *Miranda* rights. The court held, however, that at the time defendant waived his rights and proceeded to give a statement, the police had information indicating that the guardian and his wife might have possessed property stolen by defendant. The court found that by reason of the "community of interest for the larceny", the waiver of rights obtained from the defendant's guardian was so overtly tainted by his motivation to advance his personal interests and those of his wife as to render the waiver a legal nullity. That was error. The voluntariness of a statement in most instances is a question of fact to be determined on the totality of the circumstances *(Matter of Stanley C.,* 116 AD2d 209, 214). The fact that the police had information that the guardian or his wife might have possession of goods stolen by defendant does

not disqualify the guardian nor does it require suppression of the confession. Only if it was shown that the police used this information in a coercive manner to obtain the guardian's cooperation need the statement be suppressed upon the ground of improper police conduct. Since the court found that the defendant's statement was voluntary, and that the guardian's allegation of police threats was not credible, the statement should not have been suppressed. (Appeal from order of Supreme Court, Monroe County, Boehm, J.—motion to suppress.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.