■ The People of the State of New York, Respondent, v Patrick DeGelleke, Appellant.—Judgment unanimously reversed on the law, defendant's motion granted in accordance with memorandum and new trial granted. Memorandum: Defendant contends that the suppression court erred in failing to suppress his videotaped statement because it was the result

of a continuous interrogation following an earlier unwarned statement. We agree.

In the early morning hours, a fire was set using an accelerant at defendant's parents' home in Marion, New York. The fire resulted in their deaths. Defendant, 14 years old, after initially giving an exculpatory statement, was taken by the police into his blackened and watersoaked bedroom in the still-smoldering ruins and questioned concerning the cans of accelerant found there. Defendant at first gave ambiguous responses and then, after being promised protection and help by the officer, confessed to setting the fire and showed the officer other cans of accelerant that he had used. No *Miranda* warnings were given to defendant. This statement was suppressed based on the trial court's finding, with which we agree, that it was the product of a custodial interrogation. Defendant, after cooperating fully with the police, was told that he was required to go to the police station and provide a written statement. This on-the-scene interrogation ended at approximately 7:30 A.M. Defendant was then placed for the next hour into a police car, where he remained until he was transported to the Sheriff's office. While defendant was in the car, Reverend Van Delinder, who had been advised by the police of the confession, spoke with defendant. Defendant was held at the Sheriff's office from approximately 9:00 until 10:00 A.M., when he was given his *Miranda* warnings prior to his videotaped statement.

In *People v Chapple* (38 NY2d 112, 115) the Court of Appeals held that if a custodial statement made without *Miranda* warnings is suppressed, a subsequent *Mirandized* statement must also be suppressed "unless there is such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning." *(See also, People v Bethea,* 67 NY2d 364.) Determination of whether a statement was part of a continuous interrogation involves an "assessment of external events" *(People v Chapple, supra,* at 115). Here, after initially making an exculpatory statement, defendant fully confessed to the crime during a further custodial interrogation. He was described correctly by the suppression court as being "a very immature 14-year-old". The police further advised defendant that he must go to the Sheriff's office and have his confession reduced to writing. During the next 2½ hours, defendant was in the continuous custody of the police. Prior to being transported to the Sheriff's office, defendant talked with Reverend Van Delinder, who had been

advised of his confession and that defendant would be helped and would probably not be detained even overnight. Before giving his videotaped statement, defendant for the first time was given his *Miranda* warnings.

Given the officer's statements to defendant, defendant's age, lack of maturity, and his continuous custody between statements without adequately informed adult guidance, we find that there was not a sufficient pronounced break in interrogation to return him to the status of one not under the influence of questioning and, therefore, his videotaped confession must be suppressed *(see, People v Chapple, supra; People v Bodner,* 75 AD2d 440; *People v Newson,* 68 AD2d 377). Because of this determination, we need not reach defendant's remaining bases for suppression. Further, this error cannot be deemed harmless because of the People's reliance on the videotape to rebut defendant's insanity defense. (Appeal from judgment of Wayne County Court, Parenti, J., at trial; Stiles, J., on suppression issue—murder, second degree; arson, second degree.) Present— Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.