■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARRY GOTTE, Respondent.—Appeal by the People from so much of an order of the County Court, Nassau County (O'Shaughnessy, J.), dated December 8, 1987, as, after a hearing, granted certain branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities.

Ordered that the order is affirmed insofar as appealed from.

The defendant, a 13-year-old juvenile, was taken into custody after admitting that he had shot his mother. He was taken to the precinct where he was interviewed by a detective. The detective asked him, *inter alia,* why he had been brought to the precinct. After stating that he had shot his mother, the detective read him his *Miranda* rights. Without any further explanation, the defendant said he understood his rights and continued talking about the incident. Sometime thereafter, another detective took over the interview. The County Court suppressed all the statements made to both detectives, finding, *inter alia,* that "[i]t cannot be said that this thirteen-year old with no prior criminal involvement could appreciate the nature and effect of the warnings". The hearing court went on to suppress the statements to the second detective finding them to be a product of continuous custodial interrogation.

"When a defendant properly challenges statements made by him that the People intend to offer at trial, it is, of course, the People's burden to establish, beyond a reasonable doubt, that such statements were voluntarily made" *(People v Witherspoon,* 66 NY2d 973, 974). The determination as to whether an accused has knowingly and intelligently waived his or her rights is essentially a factual inquiry based upon the totality of the circumstances *(see, People v Williams,* 62 NY2d 285). " '[I]t is well recognized that over and beyond the ordinary constitutional safeguards provided for adults subjected to questioning, the police must exercise greater care to insure that the rights of youthful suspects are vigilantly observed' " *(People v Ventiquattro,* 138 AD2d 925, 927, quoting from *People v Hall,* 125 AD2d 698, 701; *see also, Matter of Julian B.,* 125 AD2d 666; *People v Ward,* 95 AD2d 351). Under the circumstances, we cannot conclude that the People have met their burden of proving that this 13-year-old juvenile with no prior criminal involvement knowingly and voluntarily waived his *Miranda* rights.

Since there was no pronounced break in the interrogation from the initial custodial statement made without the benefit

of *Miranda* warnings to the statements made to the second detective, we conclude that these statements were properly suppressed *(see, People v Chapple,* 38 NY2d 112; *People v Bethea,* 67 NY2d 364; *People v DeGelleke,* 144 AD2d 978).

We have examined the People's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.