■ In the Matter of ROBERT P., Alleged to be a Juvenile Delinquent, Appellant. THOMAS R. EMNETT, as Tioga County Attorney, Respondent.—Mahoney, P. J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered February 1, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On November 27, 1989, a petition was filed in Family Court alleging that respondent, a 15-year-old male, while acting in concert with others, committed two acts of juvenile delinquency which if committed by an adult would constitute the crimes of criminal mischief in the second degree. Specifically, respondent was charged with vandalizing a number of tombstones in cemeteries owned by St. James Catholic Church and the Village of Waverly, Tioga County. Because the evidence was primarily respondent's oral and written admissions, a *Huntley* hearing was held to determine their admissibility.

Waverly Police Chief Larry Preston testified that he briefly questioned respondent at the police station about the cemetery incident but could not specifically recall if respondent admitted taking part in the vandalism. Preston also testified that he read the *Miranda* rights to respondent with his mother present and took a complete statement from him. Preston did not, however, ask respondent or his mother if they understood the *Miranda* warnings. When the statement was typed, Preston read it aloud and had respondent and his mother sign the instrument.

At the close of the *Huntley* hearing, Family Court denied respondent's motion to suppress the oral and written admissions. A fact-finding hearing was held and respondent was found to have committed the acts alleged in the petition. The findings were based primarily upon respondent's admissions to Preston. Thereafter, a dispositional hearing was held and respondent was placed with the Division for Youth for a period of 18 months and ordered to pay restitution in the sum of $1,500. This appeal ensued.

We reverse. It is well settled that a juvenile is entitled to *Miranda* warnings before being questioned by the police *(see,* Family Ct Act § 305.2 [7]; *see also, Matter of Kwok T.,* 43 NY2d 213, 219; *People v Ventiquattro,* 138 AD2d 925, 927). It also is well settled that special care above and beyond ordinary constitutional safeguards must be provided to insure that the rights of youthful suspects are adequately protected *(see, People v Gotte,* 150 AD2d 488, *lv denied* 74 NY2d 896; *People v Hall,* 125 AD2d 698, 701). The standard is whether a reasonable person of respondent's age who was innocent of any crime would have believed that his freedom was significantly restricted *(see, Matter of Kwok T., supra; People v Ventiquattro, supra; Matter of Chad L.,* 131 AD2d 760, 761).

Here, respondent, a 15-year-old boy, was awakened from sleep at his friend's house. Respondent's friend was arrested

and respondent was "asked" to accompany Preston to the police station. Respondent went to the police station in a police car while his mother followed in a separate vehicle. At the police station respondent was questioned in his mother's presence and then again in the absence of his mother. Finally, when being questioned alone by Preston, respondent admitted that he was involved in the cemetery vandalism. Respondent was not advised of his constitutional rights against self-incrimination until after Preston had privately interrogated him and obtained harmful admissions. Accordingly, we find that Family Court erred by not suppressing the admissions made to Preston. We further find that since there was no custodial break between the admissions made before the *Miranda* warnings and the complete statement taken after the warnings *(see, People v Edwards,* 154 AD2d 150), the entire statement must be suppressed *(see, People v Bethea,* 67 NY2d 364, 367-368; *People v Chapple,* 38 NY2d 112; *People v Gotte, supra,* at 488-489).

We further note that the Family Court Act specifically provides that a child in custody shall not be questioned unless the child and his parent have been notified of their *Miranda* rights *(see,* Family Ct Act § 305.2 [7]) and that an out-of-court statement cannot be used in a juvenile delinquency proceeding unless such statement was voluntarily made *(see,* Family Ct Act § 344.2 [1]). Given the totality of the circumstances surrounding respondent's questioning, we cannot say that his statements were voluntarily made.

Weiss, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this court's decision.