■ In the Matter of Luis M., a Person Alleged to be a Juvenile Delinquent, Appellant. [608 NYS2d 704] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Murphy, J.), entered April 16, 1992, which, upon (1) a fact-finding order of the same court (Braslow, J.), entered February 19, 1992, made after a hearing, finding that appellant had committed acts which, if committed by an adult would have constituted the crimes of kidnapping in the second degree, unlawful imprisonment in the first degree, and menacing, and (2) a fact-finding order of the same court (Murphy, J.), entered April 16, 1992, made after a hearing, finding that appellant had committed acts which, if committed by an adult would have constituted the crimes of kidnapping in the second degree and escape in the second degree, adjudged him to be a juvenile delinquent and placed him in restrictive placement with the New York State Division for Youth for a period of three years. This appeal brings up for review the fact-finding orders entered February 19, 1992, and April 16, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the petitioner (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the fact-finder, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Since this case was tried before a court without a jury, the greatest respect must be accorded the determination of the hearing court in assessing the credibility of the witnesses and in resolving disputed questions of fact (see, Matter of Jamal V., 159 AD2d 507; Matter of Angel R., 134 AD2d 265, 266). The decision of the Family Court is accorded the same weight as that given to a jury verdict (see, People v Carter, 63 NY2d 530; Matter of Michael D., 109 AD2d 633, affd 66 NY2d 843). Upon the exercise of our factual review power, we are satisfied that the finding of guilt is not against the weight of the credible evidence (see, CPL 470.15 [5]).

We have considered the appellant's remaining contentions

regarding the timeliness of the fact-finding and dispositional hearings and find them to be unpreserved for appellate review *(see,* CPL 470.05 [2]). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.