■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON STYLES, Appellant. [617 NYS2d 785] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered May 29, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly concluded that the defendant's statements to the police were admissible at trial. CPL 140.20 (6) provides, "Upon arresting a juvenile offender without a warrant, the police officer shall immediately notify the parent or other person legally responsible for his care or the person with whom he is domiciled, that the juvenile offender has been arrested, and the location of the facility where he is being detained." The failure strictly to comply with this notification requirement does not require suppression when a good-faith effort to comply has been made (*see, People v Salaam,* 83 NY2d 51, 56-58).

Here, although the defendant was only 15 years old at the time of his arrest, he provided the New York City Police Department detective who interviewed him with reasonable justification to believe that he was 16 years old, and thus, legally, he was an adult (*see, People v Salaam, supra).* The detective repeatedly sought to ascertain the defendant's correct age by asking him his age and date of birth. It was the defendant's own repeated affirmative deceptions that led the detective to believe that, legally, the defendant was an adult. In light of the foregoing, the defendant's actions supplied the police with a lawful basis to question him without the notification or presence of a parent or guardian as long as adult protections, like *Miranda* warnings, were provided, which they were.

Further, the interviewing detective cannot be charged with actual or constructive knowledge of the defendant's age. The facts do not indicate that the interaction between the New York City Housing Police Department officers who arrested the defendant and the interviewing detective was so close as to render their work a joint investigation (*see, People v Fuschino,* 59 NY2d 91, 98-99; *People v Masullo,* 158 AD2d 548; *People v Woolard,* 124 AD2d 763, 764).

The defendant's sentence is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.