■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL OMAR MORALES, Appellant. [644 NYS2d 303]

While it is " ' "well recognized that over and beyond the ordinary constitutional safeguards provided for adults subjected to questioning, the police must exercise greater care to insure that the rights of youthful suspects are vigilantly observed" ' " *(People v Gotte,* 150 AD2d 488; *see also, People v Ventiquattro,* 138 AD2d 925; *People v Hall,* 125 AD2d 698; *People v Ward,* 95 AD2d 351), a minor is still capable of waiving his or her *Miranda* rights *(see, Fare v Micheal C.,* 442 US 707; *People v Stephen J. B.,* 23 NY2d 611; *People v Thomas,* 223 AD2d 612; *People v Wise,* 204 AD2d 133, 134). There was no evidence in this case that the defendant was mistreated or threatened, and he indicated that he was voluntarily waiving his *Miranda* rights on several occasions. Further, since the defendant was over 16 years of age, the police were under no obligation to contact his legal guardian *(see,* CPL 1.20 [42]; 140.20; Family Ct Act § 305.2 [2], [3]; *People v Salaam,* 83 NY2d 51, 56-58; *People v Styles,* 208 AD2d 779; *People v Pennix,* 166 AD2d 729), and there was no evidence that the defendant asked to speak to his guardian before speaking to the police or that the police used deception and trickery to isolate the defendant

from his family *(see, People v Salaam, supra; People v Bevilacqua,* 45 NY2d 508; *People v Pica,* 159 AD2d 524, 525). While the defendant may have been intoxicated when he was arrested, the record does not support the conclusion that he was intoxicated to the degree of mania or of being unable to understand the meaning of his statements at the time he was interviewed *(see, People v Perry,* 144 AD2d 706; *People v Roth,* 139 AD2d 605, 606; *People v Cureton,* 139 AD2d 756). Accordingly, the branch of the defendant's motion which was to suppress his statements to the police was properly denied.

The defendant's contention that the sentencing court improvidently exercised its discretion when it denied his application to be adjudicated a youthful offender is without merit *(see,* CPL 720.10, 720.20). Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.