■ In the Matter of JAMES OO., a Person Alleged to be a Juvenile Delinquent, Appellant. STEPHEN OPPENHEIM, as Sullivan County Attorney, Respondent. [652 NYS2d 783] —Casey, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered January 16, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

The central issue in this appeal concerns the voluntariness of the statement given by respondent, a juvenile, in which he admitted engaging in certain sexual contact with his eight-year-old sister. The Law Guardian argues, *inter alia*, that the officer who took the statement "threatened" respondent with removal from his parents' home if he did not tell the truth. The record, however, reveals nothing coercive in what was essentially an admonition or warning to tell the truth. The remainder of the Law Guardian's arguments on the voluntariness issue concerns the presence of respondent's mother during the police officer's interview with respondent. The Law Guardian describes respondent's mother as the "accuser" because she signed the felony complaint that resulted in the investigation by the police. According to the Law Guardian, the mother's dual role as "accuser" and parent made her an inappropriate person to be present when respondent was questioned; instead, the police officer should have made an effort to provide an impartial adult to advise and counsel respondent. We see no basis to disturb Family Court's ruling on the voluntariness issue.

The notification and presence of the mother when the officer gave the *Miranda* warnings before questioning respondent clearly complied with the requirements of Family Court Act § 305.2 (3) and (7). We reject the claim that her role as the "accuser" rendered respondent's mother incapable as a matter of law of providing the guidance and support to respondent contemplated by the statutory requirements. We see no inherent conflict of interest, as claimed by the Law Guardian. In filing the felony complaint, respondent's mother served not only the interests of her daughter who was the subject of sexual contact, but also the interests of respondent who must learn right from wrong and understand that his wrongful conduct will have consequences. As respondent's mother explained at

the close of the fact-finding hearing: "[It's not] that I don't love him. I love him, but I just want him to have the help that he needs".

In most instances, voluntariness of a statement is a question of fact to be determined from the totality of the circumstances (*see, People v Barnes*, 124 AD2d 973, *lv denied* 69 NY2d 743; *Matter of Stanley C.*, 116 AD2d 209, 214, *appeal dismissed* 70 NY2d 667). We conclude that the dual role of respondent's mother as the "accuser" and the parent present during the police questioning of respondent is a factor to be considered, along with all of the other circumstances, in resolving the factual issue of the voluntariness of respondent's statement. Our review of the record discloses no evidence of any conduct by respondent's mother that could have affected the voluntariness of respondent's statement. Nor is there any evidence that respondent's mother failed to act in respondent's interest during the questioning. She played a largely passive role after consenting to the police officer's questioning of respondent. She permitted respondent to sign his statement, but only after she asked him if he understood what he was doing and he said yes. The 14-year-old respondent was questioned in the familiar surroundings of his home and he had previously had contact with the police officer. There is no evidence of promises, threats, force or other coercive conduct during the questioning. Based upon the totality of the circumstances, we conclude that Family Court correctly found respondent's statement to be voluntary.

Considering the evidence as a whole, including the absence of any justification or innocent explanation for respondent's conduct, we reject the Law Guardian's argument concerning the lack of direct evidence of respondent's gratification (*see, Matter of Olivia YY.*, 209 AD2d 892). We are also of the view that based upon the testimony of the victim and respondent's statement, Family Court's finding that respondent committed an act which if committed by an adult would constitute sexual abuse in the first degree is not against the weight of the evidence. The inconsistencies in the young victim's testimony pointed out by the Law Guardian created a question of credibility for Family Court to resolve (*see, Matter of Luis M.*, 202 AD2d 430, *lv denied* 84 NY2d 808). There is no merit in the Law Guardian's final argument concerning the denial of respondent's request for a jury trial (*see, Matter of Daniel D.*, 27 NY2d 90, 93-94, *appeal dismissed, cert denied* 403 US 926; *Matter of David J.*, 70 AD2d 276). Family Court's order should be affirmed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.