■ In the Matter of PHILLIP J., a Person Alleged to be a Juvenile Delinquent, Appellant. SCHUYLER COUNTY DISTRICT ATTORNEY, Respondent. [683 NYS2d 293] —Peters, J. Appeal from an order of the Family Court of Schuyler County (Callanan,

Sr., J.), entered on September 28, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On February 11, 1995, State Police Investigator William Driscoll went to respondent's home to investigate an incident of alleged sexual abuse of a young child during July 1993 and August 1993. Upon his arrival, Driscoll learned that respondent's parents were not at home and that respondent was 16 years old. Making no attempt to contact his parents, Driscoll advised respondent that he was investigating a complaint made against him concerning the aforementioned sexual abuse. Respondent allowed Driscoll to enter his home and Driscoll therein advised him of his *Miranda* rights. With respondent professing to understand these rights, Driscoll thereafter obtained a two-page handwritten statement, in question and answer form, in which respondent confessed. Throughout the time that they were discussing the incidents, they remained in respondent's home and Driscoll advised him of the ways in which the case could proceed. Before leaving, Driscoll testified that he told respondent to talk with his mother about the investigation and left his number for her later contact. Driscoll maintained that respondent was never in custody during questioning.

A juvenile delinquency proceeding was later initiated in Family Court as a result of respondent's statement. His counsel moved to suppress his statement contending, *inter alia,* that he was not interrogated in the presence of his parents, that he was not fully aware of his *Miranda* rights and that he was not interrogated at an approved interrogation facility. Following a hearing, Family Court denied the motion. Respondent then admitted to the allegations in the petition charging him with acts which, if committed by an adult, would constitute the crimes of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child. Based upon such admissions, respondent was found to be a juvenile delinquent and was placed in the Division for Youth for 18 months.

The sole issue presented upon appeal is whether respondent, just turning 16 years of age at the time of questioning, made a knowing and intelligent waiver of his *Miranda* rights.* In so reviewing these matters, we are reminded that the State bears

---

* We note that although respondent is no longer in the custody of the Division for Youth, the appeal will not be dismissed as moot since the merits of the underlying juvenile delinquency determination are being contested (*see, Matter of Samuel VV.,* 217 AD2d 863).

a heavy burden "to show that there has been a genuine waiver by the juvenile of his or her right to counsel so that a subsequent statement can be considered voluntary" (*Matter of Karen XX.*, 85 AD2d 773, 774) and that "a waiver is valid only when made with a broad understanding of the matter at issue including 'an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof'" (*id.*, at 774, quoting *Von Moltke v Gillies*, 322 US 708, 724). Relevant factors to be considered include respondent's age, prior criminal experience, evidence of coercion by the police prior to obtaining the waiver and whether "the *Miranda* warnings were fully, clearly and adequately administered to the youth" (*People v Boykins*, 81 AD2d 922, 923).

Despite respondent's contentions, we find the provisions of Family Court Act § 305.2 clearly inapplicable, thereby negating any obligation upon the police to contact his legal guardian (*see, People v Morales*, 228 AD2d 525, *lv denied* 88 NY2d 1070). While "'the police must exercise greater care to insure that the rights of youthful suspects are vigilantly observed'" (*People v Ventiquattro*, 138 AD2d 925, 927, quoting *People v Hall*, 125 AD2d 698, 701; *accord, People v Morales, supra*, at 525; *People v Gotte*, 150 AD2d 488, *lv denied* 74 NY2d 896), the record evidence supports Family Court's conclusion that no custodial interrogation occurred. Driscoll never placed respondent under arrest after he confessed to the sexual abuse, all questioning occurred in his home and had none of the other "earmarks of custodial coercion" (*Matter of Stanley C.*, 116 AD2d 209, 212, *appeal dismissed* 70 NY2d 667). Although we note that respondent indicated that he attended a special school, there appears to be no evidence that he was incapable of understanding the iterative *Miranda* warnings. Driscoll apprised respondent of the purpose of his questioning before issuing the first set of *Miranda* warnings and would not permit respondent to sign the sworn statement until he was convinced that respondent understood the rights he forgave (*see, Matter of James OO.*, 234 AD2d 822, 823, *lv denied* 89 NY2d 812; *Matter of Stanley C., supra*, at 213). In view of Driscoll's actions in further questioning respondent after his confession and later advising him of the ways in which the case could proceed, without any indication that a revocation of the waiver was sought (*see, Matter of Stanley C., supra*), we find that a reasonable person in this situation may not have believed that he or she was in custody (*see, id.*). With the totality of the circumstances indicating that respondent made a voluntary, knowing and intelligent

waiver of his *Miranda* rights (*see, Matter of James OO.*, *supra*, at 823), Family Court properly denied the motion to suppress.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.