■ In the Matter of PAUL QQ., a Person Alleged to be a Juvenile Delinquent, Respondent. RENSSELAER COUNTY ATTORNEY, Appellant. [681 NYS2d 644] —Crew III, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered February 13, 1998, which, in a proceeding pursuant to Family Court Act article 3, granted respondent's motion to suppress certain evidence.

On October 30, 1997, three individuals were observed playing on a second-floor fire escape at School 12 in the City of Troy, Rensselaer County. The school principal went onto the fire escape to chase the individuals away, whereupon the fire escape collapsed and the principal fell 20 feet to the ground sustaining serious physical injuries. On October 31, 1997, respondent and his parents were brought to the Troy Police station where, in the presence of his mother, respondent was interviewed by Sergeant Stephen Weber. During the course of the interview, respondent gave a statement wherein he admitted to loosening and removing certain parts of the fire escape, thereby causing it to collapse under the weight of the principal.

Consequently, respondent was charged by a designated felony petition with assault in the first degree and by a juvenile delinquency petition with assault in the second degree and reckless endangerment in the first degree. Family Court thereafter conducted a *Huntley* hearing to determine the voluntariness of the statement given by respondent to Weber. Two witnesses testified at the hearing, respondent's mother and Weber, each offering a conflicting version as to what occurred at the interview, with the mother contending, *inter alia*, that respondent had been threatened with confinement at a juvenile detention center if he did not tell Weber what had happened on October 30, 1997. Finding that it was not convinced, beyond a reasonable doubt, of the voluntariness of the statement, Family Court granted respondent's motion to suppress. Petitioner now appeals.

We affirm. It is beyond cavil that the presentment agency has the burden of establishing beyond a reasonable doubt the voluntariness of the statement made by the respondent (*see, Matter of Julian B.*, 125 AD2d 666 [Kooper, J., concurring]). It is also elementary that credibility issues, as well as the weight to be accorded to the evidence presented, are to be determined by Family Court, which saw and heard the witnesses (*see, e.g., Matter of Luis M.*, 202 AD2d 430, *lv denied* 84 NY2d 808). Applying these fundamental principles to the matter before us, and in view of the deference to be accorded Family Court's determination (*see, e.g., Matter of Ashlee X. [Dawn X.]*, 244 AD2d

707, 708), we cannot say that the testimony of respondent's mother was so manifestly untrue and contrary to human experience that we should reject Family Court's determination as a matter of law. Accordingly, Family Court's order is affirmed.

Mikoll, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.