■ In the Matter of DANIEL JJ., a Person in Need of Supervision, Appellant. DANIEL J. TUCZINSKI, as Columbia County Attorney, Respondent. (And Another Related Proceeding.) [820 NYS2d 647]—Lahtinen, J. Appeals from two orders of the Family Court of Columbia County (Czajka, J.), entered July 12, 2005, which, inter alia, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 7, to find respondent in violation of a prior order and extended respondent's placement with petitioner.

Respondent (born in 1988) has a history that includes being adjudicated in 2002 as both a juvenile delinquent and a person in need of supervision. He was placed on probation, which he violated, resulting in placement as a delinquent (*see* Family Ct Act § 779-a; *see also* Family Ct Act art 3). Respondent absconded, prompting petitioner to file a violation petition and a separate petition for extension of placement; both were filed under Family Ct Act article 7, but referenced the placement in the delinquency order. He was located in March 2005 when he was arrested on criminal charges. At an April 2005 hearing he admitted violating the placement order and, following a dispositional hearing, Family Court issued separate orders placing him in petitioner's care for 12 months and extending his placement until May 4, 2006. Respondent appeals.

Although the appeals appear to be moot, respondent contends that he is contesting the underlying factual determination and not just the placement (*see Matter of Chad H.*, 278 AD2d 601, 601 [2000]; *see also* Family Ct Act § 783). Even accepting that contention as correct, respondent's argument that the Family Ct Act article 7 proceedings improperly relied upon the delinquency order was not preserved by any objection and, thus, was waived (*see* CPLR 4017, 5501 [a] [3]; *cf. Matter of James E.*, 17 AD3d 871, 872-873 [2005]; *Matter of Karen BB.*, 216 AD2d 754,

756-757 [1995]). If we were to accept respondent's claim that his argument is jurisdictional and cannot be waived, we would not find reversible error in light of the legislative history of the two articles and the facts and circumstances of these proceedings (*see generally* Besharov, Introductory Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act art 7, at 6 [Setting forth the development of article 3 out of article 7 and noting that, "In essence, (the Legislature) removed from the original Article 7 all those provisions relating only to delinquents, leaving intact those provisions that had related to both Delinquency and Supervision Proceedings as well as those that related only to Supervision Proceedings"]).

Respondent's remaining argument has been reviewed and found to be without merit.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.