■ In the Matter of ARTHUR O., a Person Alleged to be a Juvenile Delinquent. STEVEN E. RATNER, as Assistant Otsego County Attorney, Respondent; ARTHUR O., Appellant. (And Another Related Proceeding.) [— NYS2d —]—

Rose, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered December 19, 2007, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

During the police investigation underlying this juvenile delinquency proceeding, the 13-year-old respondent was placed in custody and interrogated in the presence of a caseworker from the Delaware County Department of Social Services (hereinaf-

ter DSS). Two weeks earlier, respondent's mother had voluntarily surrendered his care and custody to DSS because she was unable to control his behavior. After respondent and the caseworker were advised of respondent's *Miranda* rights and they signed a written waiver, respondent made incriminating statements. When respondent then moved to suppress his earlier statements on the ground that the police had violated Family Ct Act § 305.2 (7) by failing to notify and advise his mother of his *Miranda* rights, Family Court noted that DSS was legally responsible for his care and denied the motion.* Respondent was then adjudicated a juvenile delinquent.

On his appeal, respondent raises the possibility that his mother's surrender of custody to DSS had not been legally effectuated. He contends that his statements to police should have been suppressed as a result because DSS may not have been legally responsible for his care as required by Family Ct Act § 305.2 (7). This claim, however, is unpreserved because respondent failed to assert it in Family Court (*see Matter of Edward B.*, 80 NY2d 458, 462 [1992]; *Matter of Daniel JJ.*, 31 AD3d 930, 930 [2006], *lv denied* 7 NY3d 714 [2006]). Were we to consider it in any event, we would find it to be without merit because the mother's testimony at the suppression hearing cast no doubt on her surrender of custody to DSS. Moreover, the record reflects no facts from which the police could reasonably be expected to question whether the DSS caseworker was respondent's legal custodian (*see e.g. People v Salaam*, 83 NY2d 51, 56-57 [1993]).

We are similarly unpersuaded by respondent's argument that DSS was an ineffective or improper custodian because its caseworker had not developed a sufficiently protective relationship with him and acted in conflict with his interests by advising him to tell the police what had happened. There is no evidence that DSS acted against respondent's interests (*compare Matter of James OO.*, 234 AD2d 822, 823 [1996]). Nor, as we noted in an analogous situation under CPL 140.20 (6), is there any requirement that the police make a subjective determination as to whether the relationship between DSS and the juvenile is sufficiently supportive when they have otherwise complied with the specific requirements of the statute (*see*

* Under Family Ct Act § 305.2, a parent or person legally responsible for the child's care or, if they are unavailable, the person with whom the child resides must be notified "immediately" when a child under age 16 is taken into custody, and the child cannot be questioned unless both the child and the adult so notified have been advised of the child's *Miranda* rights (Family Ct Act § 305.2 [3], [7]).

*People v Gardner*, 257 AD2d 675, 676 [1999], *lv denied* 93 NY2d 924 [1999]).

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.