Peters, J.
Appeal from an order of the Family Court of Delaware County (Becker, J.), entered May 23, 2007, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Respondent (born in 1992) has been committed to the care and custody of the Delaware County Department of Social Services (hereinafter DSS) since August 2003. In January 2006, respondent’s foster mother allegedly observed him engaging in certain sexual contact with her four-year-old daughter. The following day, respondent’s DSS caseworker brought respondent to DSS for questioning by the police. After respondent and the caseworker were advised of respondent’s Miranda rights and agreed to waive those rights, respondent made incriminating statements.
A juvenile delinquency proceeding was then initiated. Respondent moved to suppress his statements on the grounds that he did not make a knowing and intelligent waiver of his Miranda rights and that the waiver was obtained in violation of his right to counsel. Following a hearing, Family Court denied the motion. A fact-finding hearing ensued, after which Family Court found respondent to have committed acts which, if committed by an adult, would constitute the crime of criminal sexual act in the first degree. Following a dispositional hearing, respondent was adjudicated a juvenile delinquent. This appeal ensued.
We reject respondent’s contention that the failure to contact the Law Guardian assigned to represent him in his permanency proceedings prior to questioning violated his right to counsel. It is now settled that an individual, “in custody on matters unrelated to the [matter] upon which he or she was assigned counsel in a prior separate proceeding, is competent to waive the right to counsel in the absence of counsel” (People v Kent, 240 AD2d 772, 773 [1997], lvs denied 90 NY2d 1012 [1997], 91 NY2d 875 [1997]; see People v Steward, 88 NY2d 496, 502 [1996]; People v Lawrence, 1 AD3d 625, 626 [2003], lv denied 1 NY3d 630 [2004]; see generally People v Bing, 76 NY2d 331 [1990]). As the permanency proceedings for which respondent had been assigned a Law Guardian are wholly unrelated to the juvenile delinquency *975 proceeding at issue here, he could validly waive his right to counsel in this matter outside the presence of that Law Guardian (see People v Kent, 240 AD2d at 773).
Respondent next contends that his statements must be suppressed because he did not make a knowing and intelligent waiver of his Miranda rights. While a juvenile may effectuate a knowing, intelligent, and voluntary waiver of his Miranda rights (see People v Stephen J.B., 23 NY2d 611, 616-617 [1969]), “special care above and beyond ordinary constitutional safeguards must be provided to insure that the rights of youthful suspects are adequately protected” (Matter of Robert P., 177 AD2d 857, 858 [1991]; see People v Charles M., 286 AD2d 942, 943 [2001]). The ultimate inquiry is whether the prosecuting entity proved that the statement was voluntary beyond a reasonable doubt through a consideration of the totality of the circumstances (see Matter of Paul QQ., 256 AD2d 751, 751-752 [1998]). “Relevant factors to be considered include respondent’s age, prior criminal experience, evidence of coercion by the police prior to obtaining the waiver and whether ‘the Miranda warnings were fully, clearly and adequately administered to the youth’ ” (Matter of Phillip J., 256 AD2d 654, 656 [1998], quoting People v Boykins, 81 AD2d 922, 923 [1981], lv denied 54 NY2d 761 [1981]; see Fare v Michael C., 442 US 707, 729 [1979]).
We disagree with respondent’s contention that DSS was “incapable as a matter of law of providing the guidance and support to respondent contemplated by [Family Ct Act § 305.2 (3) and (7)]” (Matter of James OO., 234 AD2d 822, 822 [1996], lv denied 89 NY2d 812 [1997]), thereby rendering his Miranda waiver involuntary. The applicable statutory provisions were fully complied with when the DSS caseworker, the person “legally responsible for [respondent’s] care” (Family Ct Act § 305.2 [3]), was notified and present for the administration of respondent’s Miranda warnings (see Family Ct Act § 305.2 [7]). Despite respondent’s assertions to the contrary, the fact that the DSS caseworker advised him to speak with the investigator does not, in and of itself, establish that she was not acting in respondent’s best interests (see Matter of Arthur O., 55 AD3d 1019, 1020 [2008]; Matter of James OO., 234 AD2d at 822-823). While the parent or legal guardian of a juvenile may invoke the right to counsel on the child’s behalf (see People v Mitchell, 2 NY3d 272, 276 [2004]), there is nothing that requires it, and we find no compelling evidence that DSS acted contrary to *976 respondent’s interests in permitting him to speak with the police.*
Viewing the totality of the circumstances surrounding the Miranda waiver and subsequent confession, we conclude that Family Court correctly declined to suppress respondent’s statements as involuntary. Respondent was 14 years old at the time of questioning and was not taken the night of the incident and questioned at a late hour, but rather removed from the home and interviewed the next day at a reasonable time (compare Matter of Robert P., 177 AD2d at 858-859). Both respondent and the caseworker were advised of respondent’s Miranda rights prior to any questioning (see Family Ct Act § 305.2 [3], [7]) and respondent unequivocally indicated that he understood his rights and was willing to speak with the investigator. Moreover, the record establishes that respondent had prior experience with law enforcement and was aware of the significance of his Miranda rights.
Furthermore, upon a review of the videotape of respondent’s interview, we find no basis to conclude that respondent’s admissions were involuntary. The entire interview was brief in duration, lasting approximately 45 minutes (see People v Williamson, 245 AD2d 966, 967 [1997], lv denied 91 NY2d 946 [1998]; People v Perry, 77 AD2d 269, 272 [1980]), and took place at a reasonable time of the day in a room certified for the questioning of juveniles (see Family Ct Act § 305.2 [4] [b]). Additionally, a DSS caseworker was present with respondent during the entirety of the interview (see Family Ct Act § 305.2 [8]). There is no evidence that respondent was tricked, threatened or coerced into confessing, or that the strategies used by the investigator were so fundamentally unfair so as to have denied respondent due process or “ create [d] a substantial risk that [he] might falsely incriminate himself’ (Family Ct Act § 344.2 [2] [b] [i]; see Matter of Wilinston BB., 175 AD2d 322, 322 [1991], lv denied 78 NY2d 858 [1991]; People v Donson, 147 AD2d 815, 816 [1989], lv denied 73 NY2d 1014 [1989]; see generally People v Tarsia, 50 NY2d 1, 11 [1980]). Considering the totality of the circumstances surrounding respondent’s questioning, we cannot say that his statements were involuntarily made.
*977 Family Court’s finding that respondent committed acts which, if committed by an adult, would constitute the crime of criminal sexual act in the first degree is both legally sufficient and in accordance with the weight of the evidence. The presentment agency met its burden of establishing that respondent engaged in oral sexual conduct with a child under the age of 11 (see Penal Law § 130.50 [3]). In his confession, which was properly considered by Family Court in rendering its order of fact-finding, respondent admitted to pulling the four-year-old victim’s pants down, putting his finger inside her vagina and, despite initial denials, kissing her vaginal area. Further, in both the foster mother’s written statement and her testimony at the fact-finding hearing, she stated that she observed respondent’s head very close to the girl’s vaginal area and heard “lip smacking” noises. The foster mother also alleged in her statement that the victim, pointing to her vaginal area, stated that respondent had “lick[ed]” her. Although there were certain discrepancies between the foster mother’s written statement and her testimony at the fact-finding hearing, this raised credibility issues for Family Court to resolve (see Matter of Brittenie K., 50 AD3d 1203, 1205 [2008]). Therefore, inasmuch as the corroborating evidence need only provide some proof that the crime occurred (see Matter of Carmelo E., 57 NY2d 431, 433 [1982]; Matter of David B., 259 AD2d 986, 986 [1999]; see also People v Booden, 69 NY2d 185, 187 [1987]), we find sufficient evidence to support Family Court’s conclusion that respondent committed the act charged beyond a reasonable doubt. Moreover, giving due deference to Family Court’s credibility determinations (see Matter of Zachary A., 307 AD2d 464, 465 [2003]; Matter of Manuel W., 279 AD2d 662, 662 [2001]), respondent’s adjudication was not against the weight of the evidence.
We also reject respondent’s argument that petitioner’s office was disqualified from prosecuting the instant proceeding because it was unable to exercise independent judgment required of it as the sole agency for presentation of juvenile delinquency proceedings, since it consists of the same attorneys that represent DSS. “A public prosecutor should only be removed upon a showing of ‘actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence’ ” (Matter of Nathalia P., 22 AD3d 496, 497 [2005], quoting People v English, 88 NY2d 30, 33-34 [1996] [citations omitted]). The appearance of impropriety alone is not enough (see Matter of Stephanie X., 6 AD3d 778, 779-780 [2004]). Here, DSS was not a party to this juvenile delinquency proceeding and it was a caseworker, rather than a DSS attorney, who was present when respondent waived his rights and agreed to *978 speak with the investigator. Thus, at the time of questioning, DSS was performing its role as the person legally responsible for respondent, not acting as respondent’s attorney. Moreover, respondent does not allege that petitioner used any information obtained to gain an unfair advantage in the prosecution of the juvenile delinquency petition (see Matter of Matthew FF., 179 AD2d 928, 928-929 [1992]).
Respondent’s remaining contentions, to the extent not addressed herein, have been considered and found to be unavailing.
Mercure, J.E, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

 This is not a case where the parent or guardian required to be notified and present during Miranda warnings was also the “accuser” (see e.g. Matter of James OO., supra-, Matter of Candy M., 142 Mise 2d 718 [1989]) or the victim of the crime (see e.g. People v Benedict V, 85 AD2d 747 [1981]; Matter of Michelet P., 70 AD2d 68 [1979]). Even in those circumstances, such a “dual role” is but one “factor to be considered, along with all of the other circumstances, in resolving the factual issue of the voluntariness of [the] respondent’s statement” (Matter of James OO., 234 AD2d at 823).