■ In the Matter of DALTON BB., a Person Alleged to be a Juvenile Delinquent. PAUL B. DUSEK, as Warren County Attorney, Appellant; DALTON BB., Respondent. [875 NYS2d 649]—

Cardona, P.J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered August 13, 2008, which, in a proceeding pursuant to Family Ct Act article 3, granted respondent's motion to suppress certain evidence.

At approximately noon on July 19, 2008, the three-year-old victim was found wandering alone on Route 9 in the Town of Queensbury, Warren County. She was visibly dirty and disheveled, with bruises, cuts and other injuries. The 15-year-old respondent was arrested that evening after officers from the Warren County Sheriff's Department obtained from him incriminating statements regarding the victim. Thereafter, petitioner commenced this juvenile delinquency proceeding alleging that respondent committed acts which, if committed by an adult, would constitute the crimes of assault in the second degree, aggravated sexual abuse in the second degree, and reckless endangerment in the first degree. Family Court granted respondent's subsequent motion to suppress his statements to police, finding that they resulted from custodial interrogation without the benefit of *Miranda* warnings. Petitioner appeals.

Petitioner concedes that respondent was not given *Miranda* warnings prior to making his statements, but argues that such warnings were not required because respondent was not in custody at the time he made the statements and because the police questioning was merely investigatory in nature. We do not agree on either point.

A respondent is considered to have been in custody if "a reasonable person of respondent's age who was innocent of any crime would have believed that his [or her] freedom was significantly restricted" (*Matter of Robert P.*, 177 AD2d 857, 858

[1991]; *see Matter of Kwok T.*, 43 NY2d 213, 219-220 [1977]). In this matter, the testimony at the suppression hearing established that at approximately 6:00 P.M., a police officer brought respondent and his younger brother to the Warren County Sheriff's Department in a patrol car. The victim's mother, who was the girlfriend of respondent's father, was also brought to the station for questioning. All three were kept apart, with respondent and his brother each being placed in separate interrogation rooms. Respondent's room measured about seven feet by seven feet. During the four hours that followed his arrival at the station, respondent left the room only to use the bathroom, at which time he was accompanied by a uniformed officer. A uniformed officer was also posted in the hallway outside the door. While in the room, respondent was alone except when being questioned by two officers. When respondent asked "how long is it gonna be," he was told that the officers did not know. Respondent was never told that he could leave the station. On this record, and according due deference to Family Court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *Matter of Dominique R.*, 29 AD3d 702, 703 [2006]), we agree with the court that a reasonable 15 year old would have believed that his freedom was significantly restricted (*see Matter of Robert P.*, 177 AD2d at 858-859).

With respect to whether respondent was "interrogated" within the meaning of *Miranda*, we note that the term interrogation includes any questioning "that the police should know [is] reasonably likely to elicit an incriminating response" (*People v Paulman*, 5 NY3d 122, 129 [2005] [internal quotation marks and citations omitted]). Here, the officers specifically asked respondent whether he had physically injured the victim and whether he had sexual contact with her. Those questions were accusatory rather than investigatory in nature and were designed to elicit an incriminating response (*see People v Huffman*, 41 NY2d 29, 34 [1976]; *People v Baggett*, 57 AD3d 1093, 1095 [2008]). Accordingly, we conclude that Family Court properly suppressed respondent's statements as resulting from custodial interrogation without the benefit of *Miranda* warnings (*see* Family Ct Act § 305.2 [7]; *Matter of Robert P.*, 177 AD2d at 858; *People v Alaire*, 148 AD2d 731, 734-735 [1989]).

Peters, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.