■ In the Matter of KEVIN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [914 NYS2d 143]—

Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about March 11, 2009, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of sexual abuse in the second and third degrees, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress his statements. The police fully complied with the parental notification provision of Family Court Act § 305.2 (3). The fact that a parent who appears at a juvenile's interrogation is also the parent of the complainant is not disqualifying, but is simply a factor to be considered in evaluating the voluntariness of the statement (*Matter of James OO.*, 234 AD2d 822 [1996], *lv denied* 89 NY2d 812 [1997]; *see also Matter of Arthur O.*, 55 AD3d 1019, 1020 [2008]). There was no coercive police conduct, and the totality of the circumstances establishes that the statement was voluntarily made (*see Arizona v Fulminante*, 499 US 279, 285-288 [1991]; *People v Anderson*, 42 NY2d 35, 38-39 [1977]).

The court's finding was based on legally sufficient evidence

and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Appellant's challenges to the reliability of his confession are unavailing.

We have considered and rejected appellant's remaining claims. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.