■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STEPHENS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied effective assistance of counsel because trial counsel did not make a motion to dismiss on speedy trial grounds. The record shows that a felony complaint was filed against defendant on July 26, 1989, and that the People timely announced their readiness for trial on January 26, 1990 (CPL 30.30 [1]). Defendant contends that the postreadiness delay in prosecution established that the People in fact were not ready to proceed against him on January 26, 1990, or that they subsequently became "unready" (see, People v Anderson, 66 NY2d 529). We reject that contention. The record fails to support defendant's arguments that the People were not ready for trial and that trial counsel's failure to make a speedy trial motion constituted ineffective assistance of counsel (see, People v De Gas-

*pard,* 170 AD2d 835, 838, *lv denied* 77 NY2d 994; *People v Miller,* 142 AD2d 970).

Defendant also contends that County Court erred in admitting evidence of an uncharged crime. That evidence consisted of testimony by a child witness regarding defendant's sexual activities with her. We conclude that the evidence of the uncharged crimes was properly admitted because it was inextricably interwoven with the evidence of the charged crime, it was necessary to comprehend that evidence *(see, People v Ely,* 68 NY2d 520, 529; *People v Ventimiglia,* 52 NY2d 350, 361), and its probative worth exceeded its prejudicial effect *(see, People v Allweiss,* 48 NY2d 40).

Defendant also claims that the trial court erred in admitting into evidence the testimony of complainant's sister concerning what complainant had told her about the incident. Because defendant's objection at trial was that the evidence was cumulative, his present contention that the evidence constituted inadmissible hearsay has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Qualls,* 55 NY2d 733, 734). In any event, that testimony was properly admitted under the prompt complaint exception to the hearsay rule *(see, People v Kornowski,* 178 AD2d 984).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Sodomy, 1st Degree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.