■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROSHAWN HOWARD, Also Known as JERSHOWAN HOWARD, Appellant. [597 NYS2d 439] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 25, 1991, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 19, 1989, the defendant shot the decedent.

Ava Petrizzo and her sister Erica both witnessed the incident and viewed lineups, but only Ava testified at the trial. During cross-examination, defense counsel asked a detective who was present at both lineups whether Erica had recognized the individuals numbered four and five. The detective acknowledged that she had recognized those individuals, who were also present at the lineup Ava viewed. Thereafter, during redirect examination, the prosecutor asked the detective, over objection, whether Erica had recognized anyone else. He responded that Erica had also recognized the individual numbered three, i.e., the defendant. Later during the trial, the court noted on the record that, prior to the cross-examination of the detective, it had warned defense counsel about "the possibility of opening doors regarding the viewing by Erica". On appeal, the defendant contends that he was denied a fair trial when the prosecutor elicited from the detective the fact that Erica had recognized the defendant. We disagree.

While such testimony ordinarily might constitute improper hearsay or bolstering (see, People v Trowbridge, 305 NY 471; Richardson, Evidence § 200 [Prince 10th ed]), here defense counsel clearly opened the door to this line of inquiry (see generally, People v Melendez, 55 NY2d 445, 451; People v Bolden, 58 NY2d 741). After the detective testified during cross-examination that Erica had recognized two of the "fillers", the jury was left with the impression that Erica had failed to recognize the defendant. Thus, the trial court properly exercised its discretion in allowing the prosecutor to elicit enough information to rebut that false impression. We note that no testimony was elicited regarding what Erica had said about the defendant.

We have examined the defendant's remaining contentions, and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.