■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WIGGINS, Appellant. [629 NYS2d 232] —Judgment,

Supreme Court, New York County (Clifford Scott, J., at suppression hearing; Charles Tejada, J., at trial and sentence), rendered January 7, 1993, convicting defendant, after a jury trial, of manslaughter in the second degree and criminal possession of a weapon in the second and third degrees and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years for manslaughter and second degree weapon possession and 3$^1$/$_2$ to 7 years for third degree weapon possession, unanimously affirmed.

According great deference to the fact-finders' opportunity to view the witnesses, hear the testimony and observe demeanor (*People v Bleakley*, 69 NY2d 490, 495), we find that the verdict is not against the weight of the evidence. The People's evidence established that following a series of arguments that left defendant angry, and after lying in wait, defendant isolated his girlfriend from a group of friends and removed their infant child from her arms, making her more vulnerable to injury. Defendant stated, "I feed you, I give you my money, and this is how you do me". He then removed a recently purchased gun from his pocket, extended his arm, pulled back the hammer, waited several seconds, then shot the victim at point blank range in the throat mortally wounding her. Defendant's claim that he was merely attempting to push his affectionate girlfriend off of him when his gun accidentally discharged is unavailing. Moments after the shooting, defendant did not express shock or grief. Instead, he raised his arms in the air, waved the gun over his head and according to the People's witnesses, walked away "in pride" to a waiting cab.

The court properly exercised its discretion and fashioned, what was, a very favorable *Sandoval* ruling for defendant (*People v Sandoval*, 34 NY2d 371). Among defendant's numerous convictions, the court held that the prosecutor could only elicit that he had been convicted of a felony. Although the prosecutor could not elicit the nature of the offense or its underlying facts, defendant had been convicted of hindering his own prosecution, relevant conduct for which defendant displayed a clear willingness to violate the law to promote his self interest.

Because the People's adolescent witness was "more than twelve years old" at the time he testified and there was no indication that he suffered from a "mental disease or defect", he was competent to testify under oath (CPL 60.20 [2]). To the degree that this witness' testimony may have been "influenced" or "manipulated" as defendant suggests, such assertions go to a witness' reliability and credibility and are properly explored at trial to be determined by the trier of fact.

The prosecutor's statement in his opening that "defendant laughingly walked off from the scene" was a fair one based on the evidence which revealed that defendant was pleased with, and celebrated, his conduct. Likewise, the prosecutor's arguments on summation constituted fair comment on the evidence and were in appropriate response to defense counsel's summation, particularly to attacks on the credibility of the People's witnesses (*People v Galloway*, 54 NY2d 396; *People v Sims*, 162 AD2d 384, *lv denied* 76 NY2d 990).

We have considered defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.