■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID SNYDER, Respondent. [634 NYS2d 557] —White, J. Appeal from an order of the County Court of Franklin County (Main, Jr., J.), entered December 21, 1994, which granted defendant's motion to suppress evidence.

Defendant, separated from his wife, resided in the Town of Bangor, Franklin County. In November 1993, the Franklin County Child Protective Services contacted State Police Investigator Richard Prost concerning allegations of sexual abuse by defendant of his children who resided with their mother in St. Lawrence County. When Prost interviewed defendant on November 19, 1993 and December 16, 1993, he denied the allegations and volunteered to take a polygraph test which was scheduled for and conducted on February 1, 1994. In the meantime, unbeknownst to Prost, child abuse proceedings in St. Lawrence County Family Court had been commenced, and on January 28, 1994 defendant had made an initial appearance and requested the representation of the St. Lawrence County Public Defender. While the Public Defender appeared with defendant at the initial appearance, a formal application was not received by the Public Defender until January 31, 1994 and a letter informing defendant of its acceptance was not sent until February 2, 1994.

At the conclusion of the polygraph examination conducted on February 1, 1994, defendant, in the absence of counsel, waived his *Miranda* rights and provided the police with a written statement implicating himself in two incidents of sexual abuse which occurred in his home. He was then arrested and later indicted in Franklin County for several sex-related crimes.

Defendant moved to suppress his February 1, 1994 statement on the basis that his St. Lawrence County legal representation was in a matter closely related to the matter being investigated by Prost. After a hearing, County Court found that defendant's legal representation was related to the subject of Prost's investigation and was established on January 28,

1994. Finding that there had been no waiver of legal counsel in the presence of counsel, County Court suppressed the confession. The court specifically found that the statement was otherwise voluntary and there was no actual knowledge of the St. Lawrence County legal representation. Nevertheless, the court determined that Prost was chargeable with such knowledge based upon his awareness of the social services agency's investigation and some activity in Family Court, and thus had a duty to specifically inquire as to defendant's representation by counsel. This appeal by the People ensued.

Child abuse proceedings are civil in nature and designed for the protection of the abused child and to insure the expeditious protection of a child's welfare rather than punish the parent named as a respondent (*see, People v Roselle*, 84 NY2d 350, 355). The filing of a Family Court Act article 10 petition, a civil proceeding, does not automatically trigger a right to an attorney in the criminal proceeding, and defendant's relationship with counsel in a civil proceeding does not indelibly attach to all factually related matters to unduly restrict the investigation of possible criminal charges (*see, People v Smith*, 62 NY2d 306).

Therefore, in view of the civil nature of the Family Court proceeding and the fact that the officer was unaware of either the filing of the petition or the subsequent appointment of counsel in another jurisdiction, we find the officer was under no obligation to make further inquiry as to defendant's retention of counsel once defendant had been given and waived his *Miranda* rights.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, motion denied and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision.