THIRD DEPARTMENT, APRIL, 1997

(April 3, 1997)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. WHITE, Appellant. [655 NYS2d 700] —White, J. Appeal from a judgment of the County Court of Sullivan County (Vogt, J.), rendered September 30, 1993, upon a verdict convicting defendant of the crimes of sodomy in the first degree (16 counts), sodomy in the second degree (16 counts) and sexual abuse in the first degree (six counts).

For the reasons that follow, we conclude that defendant was not denied effective assistance of counsel due to his attorney's failure to move to dismiss the indictment on speedy trial grounds. To briefly recapitulate the facts,* defendant was indicted on June 5, 1991 and thereafter, on September 6, 1991, made an omnibus motion seeking, *inter alia*, an inspection of the Grand Jury minutes. The People did not oppose an inspection by County Court. It is undisputed that this motion was not decided prior to the commencement of defendant's trial on August 16, 1993.

The evidence developed at the hearing on remittal disclosed that the Grand Jury minutes were transcribed and, on May 30, 1991, were placed in defendant's file maintained by the People. The established practice and procedure in Sullivan County for obtaining Grand Jury minutes for review was that either the County Judge, his clerk or secretary would call the District Attorney's receptionist to request specific minutes for review. Then either the Judge or a member of his staff would pick up the minutes or they would be delivered without delay to his chambers by the District Attorney's receptionist. For some reason, County Court did not follow this procedure in this case.

In an analogous situation, we held that where County Court failed to follow the established procedure for obtaining Grand Jury minutes that were available for inspection, the attendant delay could not be charged to the People since CPL 30.30 addresses prosecutorial readiness, not court readiness (*see, People v Dearstyne*, 230 AD2d 953, *lv denied* 89 NY2d 921). Accordingly, since no period of postreadiness delay is chargeable to the People, the failure of defendant's counsel to make a statutory speedy trial motion was of no consequence given the motion's lack of merit (*see, People v Martinez*, 224 AD2d 254, 255, *lv denied* 88 NY2d 989; *People v Stephens*, 181 AD2d 996, *lv denied* 80 NY2d 934).

Crew III, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* The facts are fully set forth in our prior decision (229 AD2d 610).