(June 5, 1997)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK KENT, Appellant. [658 NYS2d 530] —White, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered May 2, 1995, upon a verdict convicting defendant of the crimes of rape in the first degree, sexual abuse in the first degree and sodomy in the first degree (two counts).

On this appeal from defendant's conviction of the crimes of rape in the first degree, sexual abuse in the first degree and sodomy in the first degree (two counts), for which he received a total aggregate prison sentence of 25 to 75 years, we shall first consider the issue of whether a defendant, in custody on a criminal charge but who is represented by an attorney in a Family Court Act article 10 proceeding, may waive the right to counsel in the absence of counsel.

The facts County Court found credible are that in April 1994, the Rensselaer County Department of Social Services commenced a Family Court Act article 10 proceeding with the filing of a child abuse petition alleging that defendant had sexually abused his two stepdaughters, then ages 8 and 10. Attorney Charles Wilcox, assigned by Family Court, appeared on defendant's behalf on April 4, 1994 and continued to represent him until the article 10 proceeding terminated on February 17, 1995. In the interim, Sergeant Stephen Weber of the Troy Police Department interviewed the two victims on August 1, 1994. The next day, Weber went to defendant's residence in the City of Troy to ask him if he would come to the police station to answer some questions about his relationship with his stepdaughters. Defendant agreed and drove himself to the station.

Upon his arrival, Weber informed defendant that he was a suspect in the sexual abuse and rape of his stepdaughters and provided him with his *Miranda* rights. When Weber asked defendant if he wanted an attorney, defendant hesitated momentarily; whereupon Weber asked defendant if he had an attorney and did he want one. Defendant replied "no" to both inquiries, waived his *Miranda* rights and proceeded to provide Weber with an inculpatory written statement which County Court declined to suppress.

Defendant contends that he could not have effectively waived his right to counsel in his attorney's absence because such right had indelibly attached when Wilcox appeared on his behalf in the Family Court Act article 10 proceeding. We disagree. Following *People v Bing* (76 NY2d 331), a defendant, in custody on matters unrelated to the charge upon which he or she was assigned counsel in a prior separate proceeding, is competent to waive the right to counsel in the absence of counsel (*see, People v Steward*, 88 NY2d 496, 502). Although this action and the article 10 proceeding arise out of the same matrix, they are unrelated in that the article 10 proceeding was a civil proceeding focusing on the children, whereas the purpose of this action was to secure a criminal conviction against defendant (*see, People v Roselle*, 84 NY2d 350, 355, 357; *People v Smith*, 62 NY2d 306, 315). Moreover, there were considerable factual dissimilarities between the allegations in the Family Court petition and those set forth in the indictment. Accordingly, defendant was competent to waive his right to counsel in the absence of counsel and, as he did so in a voluntary and knowing manner, County Court's denial of his suppression motion was proper (*see, People v Snyder*, 221 AD2d 870, *lv denied* 88 NY2d 885).

Defendant additionally contends that his statement should have been suppressed because it was the product of verbal intimidation. County Court rejected this argument, finding that defendant's *Huntley* hearing testimony was not credible. In light of the great deference accorded to the hearing court's resolution of credibility issues, we shall not disturb County Court's determination as it finds support in the record (*see, People v Villeneuve*, 232 AD2d 892, 895; *People v Beverly*, 220 AD2d 881, 883, *lv denied* 87 NY2d 898).

Taking into account the nature of the crimes and defendant's history of pedophilia, the sentence imposed upon him was not harsh or excessive (*see, People v Dworakowski*, 208 AD2d 1129, 1130, *lv denied* 84 NY2d 1031).

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.