THIRD DEPARTMENT, NOVEMBER, 1998

(November 5, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. WILSON, JR., Appellant. [679 NYS2d 732] —White, J. Appeal from a judgment of the County Court of Schuyler County (Callanan, Sr., J.), rendered December 19, 1996, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (six counts), sodomy in the first degree and endangering the welfare of a child (three counts).

Defendant's initial argument on this appeal from his conviction of several sex-related crimes, arising out of his involvement with three young girls ages seven to nine, is that County Court erred in denying his request for a pretrial hearing to

ascertain whether the victims' testimony had been tainted by suggestive questioning. A criminal defendant is entitled to a pretrial hearing regarding the admissibility of evidence where it is claimed that the evidence is precluded by an exclusionary rule or that it constitutes novel scientific evidence (*see, People v Wernick*, 89 NY2d 111, 115; *People v Dixon*, 85 NY2d 218, 221). In this instance, defendant cites no exclusionary rule barring the admission of the victims' testimony nor can he claim that it constitutes novel scientific evidence. Instead, the possibility that the victims' testimony might have been tainted goes to their credibility and reliability, issues that are reserved for the trier of the fact (*see, People v Hudy*, 73 NY2d 40, 58; *People v Wiggins*, 217 AD2d 407, 408, *lv denied* 88 NY2d 855). Accordingly, we reject defendant's argument.

We likewise reject his claim that the verdict was not supported by legally sufficient evidence. This claim rests on defendant's faulty assertion that the testimony of seven-year-old victim A was unsworn due to County Court's failure to administer a formal, traditional oath. This argument lacks merit because the form of an oath is flexible and is deemed sufficient so long as it is calculated to awaken the conscience and impress the mind of the person taking it in accordance with his or her religious or ethical beliefs (*see, Collins v AA Truck Renting Corp.*, 209 AD2d 363; *see also*, CPLR 2309 [b]). Here, County Court conducted an extensive colloquy with victim A to determine whether she understood the obligation of an oath and the consequences of giving false testimony (*see, People v Parks*, 41 NY2d 36, 46). During the course of the colloquy, victim A unequivocally indicated that she understood that she had to tell the truth and that, if she did not, she was liable to be punished. In our view this colloquy satisfied the requirements of an oath, thereby allowing victim A to provide sworn testimony. Therefore, viewing defendant's statement, victim A's testimony and victim C's unsworn testimony, which we find was sufficiently corroborated, in the light most favorable to the People, we conclude that the evidence showing that the three naked girls engaged in sexual conduct while lying on top of the unclothed defendant, who performed oral sex with victim C, was legally sufficient since a rational trier of fact could conclude that the elements of the crimes had been proven beyond a reasonable doubt (*see, People v Chico*, 90 NY2d 585, 588-589; *People v Gressler*, 235 AD2d 599, *lv denied* 89 NY2d 1036).

Defendant's remaining contentions do not require extended discussion. His challenge to the sufficiency of the evidence before the Grand Jury has been negated by his conviction at

trial upon legally sufficient evidence (*see, People v Schulze*, 224 AD2d 729, *lv denied* 88 NY2d 853). His complaints regarding the prosecutor's summation have not been preserved for our review (*see, People v Persons*, 245 AD2d 845, 846). In any event, defendant has not shown that the prosecutor's remarks prejudiced him to the extent of depriving him of a fair trial (*see, People v Townsley*, 240 AD2d 955, 959, *lv denied* 90 NY2d 943, 1014). Lastly, defendant's sentence as a second felony offender to a determinate prison term of 10 years on his conviction of the crime of sodomy in the first degree does not strike us as harsh or excessive considering the nature of the crime and the victims' age (*see, People v Crane*, 242 AD2d 783; *People v Kent*, 240 AD2d 772, *lv denied* 91 NY2d 875, 90 NY2d 1012).

For these reasons, we affirm the judgment of conviction.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.