■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT PEPE, Appellant. [689 NYS2d 310] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of four counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and other crimes, arising from the robbery and murder of two men. In an attempt to conceal those crimes, defendant placed the victims in an automobile that was then ignited, and their bodies were burned beyond recognition. Defendant contends that the People failed to corroborate the testimony of two witnesses who were accomplices and thus that the proof is legally insufficient to support the conviction. We disagree. One witness took no part in the crimes charged in the indictment and was involved only as an accomplice after the fact. The corroboration requirement of CPL 60.22 (1) does not apply to that witness because he learned of defendant's acts after they were committed (*see, People v Dygert*, 229 AD2d 735, 736, *lv denied* 89 NY2d 921) and his only involvement was in disposing of the evidence or fruits of the crimes that had already been committed (*see, People v Robinson*, 90 AD2d 249, 251, *affd* 60 NY2d 982). The testimony of the other witness was sufficiently corroborated by physical evidence and statements of defendant and the above-described accomplice after the fact that tended to show that defendant was implicated in the crimes (*see, People v Moses*, 63 NY2d 299, 306; *People v Gonzalez*, 201 AD2d 906).

County Court did not err in admitting into evidence defendant's oral and written statements to the police. We perceive no basis in the record to disturb the court's findings that the statements were made voluntarily, that defendant voluntarily waived his right to counsel when he was in custody and did not ask for counsel when he was interviewed, and that defendant was not represented by counsel when the statements were made (*see generally, People v Prochilo*, 41 NY2d 759, 761; *People v Yukl*, 25 NY2d 585, 588, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851).

There is no merit to the contentions that the People failed to disclose *Brady* material and that the disclosure of certain *Brady* material was untimely and denied defendant a fair trial. Defendant failed to establish that the supplemental depositions of persons interviewed by the police, police lead sheets, a photograph of defendant and investigatory materials compiled regarding other suspects contained exculpatory material. Although the production of certain *Brady* material was delayed, defendant was "given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's wit-

nesses or as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870; *see also, People v Brown*, 67 NY2d 555, 559, *cert denied* 479 US 1093).

The court did not err in admitting evidence of prior uncharged crimes, i.e., defendant's prior sales of marihuana to one of the victims. "[B]ecause it was inextricably interwoven with the evidence of the charged crime, it was necessary to comprehend that evidence * * * and its probative worth exceeded its prejudicial effect" (*People v Stephens*, 181 AD2d 996, 997, *lv denied* 80 NY2d 934; *see also, People v Williams*, 242 AD2d 867, 868, *lv denied* 91 NY2d 899).

We reject the contention that the People failed to disclose *Rosario* material in a timely manner. The People disclosed all *Rosario* material "[a]fter the jury [was] sworn and before the prosecutor's opening address" (CPL 240.45 [1]). Although the court postponed the prosecutor's opening address in order to enable the People to provide defense counsel with more legible copies of certain reports, that delay did not substantially prejudice the defense (*see, People v Martinez*, 71 NY2d 937, 940; *People v Ranghelle*, 69 NY2d 56, 63).

There is no merit to the contention that defendant was deprived of a fair trial by prosecutorial misconduct on summation. Several of the allegedly improper statements constituted a fair response to comments by defense counsel on summation regarding the credibility of a prosecution witness (*see, People v Halm*, 81 NY2d 819, 821; *People v Dunbar*, 213 AD2d 1000, *lv denied* 85 NY2d 972). Although one isolated comment improperly suggested a shift in the burden of proof, the court clearly and unequivocally instructed the jury that the burden of proof on all issues remained with the prosecution, and thus that comment did not deprive defendant of a fair trial (*see, People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

We reject the contention of defendant that he was denied effective assistance of counsel. Even assuming, arguendo, that the same attorneys represented defendant and some prosecution witnesses during the Grand Jury investigation, we conclude that, because defendant was represented by different counsel at his arraignment and through the completion of the trial, he failed to establish that the continued representation of those prosecution witnesses by his former attorneys bore a substantial relation to the conduct of his defense (*see, People v Allen*, 88 NY2d 831, 832; *cf., People v McDonald*, 68 NY2d 1, 9, *rearg dismissed* 69 NY2d 724).

The court did not abuse its discretion in directing that the terms of incarceration imposed on the murder counts with re-

spect to each victim run consecutively. In the circumstances of this case, the sentence is neither unduly harsh nor severe.

We have reviewed defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Oneida County Court, Merrell, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Balio, JJ.