THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS BENNETT, Appellant. [709 NYS2d 773] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied a fair trial as the result of violations of the People's disclosure obligations under CPL 240.45 and *Brady v Maryland* (373 US 83). Even if the failure to disclose the record of the disorderly conduct conviction of a prosecution witness constituted a violation of CPL 240.45 (1) (b), defendant was not thereby denied a fair trial because he "was 'given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the witness' " (*People v Osborne,* 91 NY2d 827, 828, quoting *People v Cortijo,* 70 NY2d 868, 870; *see also, People v Clark,* 228 AD2d 326, *lv denied* 89 NY2d 863). The prosecutor complied with his obligation to disclose "[t]he existence of any pending criminal action against a witness the people intend to call at trial" by identifying the charges pending against the witness (CPL 240.45 [1] [c]). The prosecutor had no obligation pursuant to CPL 240.45 (1) (b) to disclose the juvenile delinquency adjudication of another witness because that adjudication is not a criminal conviction (*see, People v Gray,* 84 NY2d 709, 712; *see also, People v Fyffe,* 249 AD2d 938, *lv denied* 92 NY2d 897). Even assuming that the prosecutor had an obligation to disclose the adjudication prior to trial on the ground that it constitutes *Brady* material (*see, Matter of Evan U.,* 244 AD2d 691, 693-694), we note that the adjudication was disclosed while the witness was testifying and thus conclude that defendant had a meaningful opportunity to use it during his cross-examination of that witness (*see, People v Cortijo, supra,* at 870; *People v Pepe,* 259 AD2d 949, 949-950, *lv denied* 93 NY2d 1024). Thus, defendant was not denied a fair trial by the delayed disclosure (*see, People v Pepe, supra,* at 949-950).

The contention that the prosecutor bolstered the testimony of his key witness is not preserved for our review (*see,* CPL 470.05 [2]; *People v Alston,* 163 AD2d 398, *lv denied* 76 NY2d 851), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject defendant's contentions that the verdict is contrary to the weight of the evidence (*see, People v Bleakley,*

69 NY2d 490, 495) and that the sentence is unduly harsh or severe. (Appeal from Judgment of Genesee County Court, Noonan, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.