Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 17, 2000, upon a verdict convicting defendant of the crimes of burglary in the first degree and murder in the second degree.
Defendant’s conviction arises from his participation in the April 21, 1999 armed robbery and murder of Luke Spencer in the City of Binghamton, Broome County. After planning the robbery, defendant, Hashim Herring and Rome Kendrick drove to Spencer’s home in a car driven by Anita Garrison. Once there, Herring removed a gun from the trunk of the car, and defendant and Kendrick proceeded to break in through the front door while Herring broke in from the rear. Herring demanded money from Spencer and others in the home and then shot and killed him when he refused to comply. The foursome then fled the scene.
A police investigation led to the arrest of defendant, who waived his Miranda rights and gave oral and written state *626 ments admitting his participation in the robbery and shooting. A grand jury returned an indictment charging him as an accomplice in the crimes of murder in the second degree, robbery in the first degree and burglary in the first degree. It also charged Herring with, inter alia, the crime of murder in the first degree. The cases against defendant and Herring were severed and, at trial, Kendrick and Garrison testified regarding defendant’s involvement in the crime. At the conclusion of the trial, a jury returned a verdict convicting defendant of the burglary and felony murder charges, and he was sentenced to an indeterminate prison term of 18 years to life on the murder conviction, with a lesser determinate sentencé on the remaining conviction. Defendant appeals, and we affirm.
First, we reject defendant’s claim that his statements should have been suppressed because he was represented by counsel on other unrelated charges and, thus, could not make a valid waiver of his right to counsel outside the presence of counsel. To be sure, the People conceded at a Huntley hearing that they were on notice that the Broome County Public Defender’s office represented defendant on other pending charges and had requested that defendant not be questioned on any matter without its involvement. However, a suspect under interrogation does not have a derivative right to counsel based upon representation on prior, totally unrelated charges and, thus, can validly waive the right to counsel outside the presence of counsel (see People v Steward, 88 NY2d 496, 501-502 [1996]; People v Bing, 76 NY2d 331 [1990]; People v Kent, 240 AD2d 772, 773 [1997], lv denied 90 NY2d 1012 [1997]; compare People v Cohen, 90 NY2d 632, 638-639 [1997]). Inasmuch as defendant was fully apprised of and voluntarily waived his right to counsel, his motion to suppress his statements was properly denied.
We also reject defendant’s claim that he was denied his right to be present at sidebar conferences during jury, selection. The record clearly reflects that defendant was informed of his right to be present at all such conferences and defense counsel affirmatively waived that right in open court in defendant’s presence. Further, defendant failed to object to his absence at any sidebar colloquies (see People v Keen, 94 NY2d 533, 538-539 [2000]; People v Harris, 304 AD2d 848, 850 [2003], lv denied 100 NY2d 582 [2003]). Next, we conclude that the accomplice testimony of Kendrick and Garrison was sufficiently corroborated by defendant’s written statement admitting his involvement, the testimony of witnesses who saw defendant with his accomplices just before the crimes occurred and the testimony of other witnesses who were present in the home and *627 confirmed details of the crime (see CPL 60.22 [1]; see also People v Breland, 83 NY2d 286, 292-294 [1994]; People v Elhadi, 304 AD2d 982, 983 [2003], lv denied 100 NY2d 580 [2003]).
Lastly, we find no error in County Court’s refusal to charge the jury with the statutory affirmative defense to felony murder (see Penal Law § 125.25 [3]). Defendant admitted that he was aware that Herring had a gun. In addition, Garrison testified that she clearly saw Herring carrying a gun as he, defendant and Kendrick approached Spencer’s residence. Thus, we see “[n]o reasonable view of the evidence” that would have permitted a jury to find that defendant was unaware that Herring was armed (People v Robinson, 249 AD2d 333, 334 [1998], lv denied 92 NY2d 904 [1998]; see People v Lapan, 289 AD2d 698, 701 [2001], lv denied 97 NY2d 756 [2002]).
Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.