■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE PARSONS, Appellant. (Appeal No. 1.) [786 NYS2d 674]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 8, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). We reject defendant's contention

that the prosecutor committed a *Batson* violation. The prosecutor provided race-neutral reasons for exercising peremptory challenges with respect to two African-American prospective jurors, and County Court properly determined that those stated reasons were not pretextual (*see People v Smocum*, 99 NY2d 418, 420 [2003]). We further conclude that the court properly admitted as an excited utterance the testimony of a police officer that the victim named defendant as the shooter (*see People v Cotto*, 92 NY2d 68, 78-79 [1998]). The victim had been shot several times and was in obvious pain, and "[i]t is this extraordinary stress that prevented [the victim] from engaging in reflection and gives his statements the necessary indicia of reliability" (*id.* at 79; *see generally People v Vasquez*, 88 NY2d 561, 579 [1996]). In any event, there were four additional eyewitnesses who identified defendant as the shooter, and thus any error in admitting the officer's testimony is harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *cf. People v Crombleholme*, 8 AD3d 1068 [2004]).

Additionally, because defense counsel elicited the fact that an eyewitness was the subject of a material witness warrant, the court did not err in permitting the prosecutor to elicit testimony concerning the underlying reason for the warrant (*see People v Howard*, 193 AD2d 620, 621 [1993], *lv denied* 81 NY2d 1074 [1993]). We further conclude that the court did not err in denying defendant's motion to dismiss based on the failure of the prosecutor to disclose that an eyewitness was in custody as a juvenile delinquent. A juvenile delinquency adjudication in Family Court is not considered *Brady* material by this Court (*see People v Bennett*, 273 AD2d 914 [2000], *lv denied* 95 NY2d 932 [2000]). In any event, "[e]ven assuming that the prosecutor had an obligation to disclose the adjudication prior to trial on the ground that it constitutes *Brady* material . . . , we note that . . . defendant had a meaningful opportunity" to cross-examine the eyewitness with respect to the charges underlying that adjudication (*id.* at 914).

We reject the further contentions of defendant that reversal is required based on alleged prosecutorial misconduct (*see generally People v Mott*, 94 AD2d 415, 418-419 [1983]) and that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although defendant presented alibi witnesses, four eyewitnesses to the shooting testified for the People that defendant shot the victim multiple times, at short range. Also contrary to defendant's contention, the sentence is not unduly harsh or severe.

We further conclude that defendant was not denied his right

to effective assistance of counsel at the time of the grand jury proceeding on the ground that defense counsel allegedly failed to effectuate defendant's right to testify before the grand jury (*see People v Mejias*, 293 AD2d 819, 820 [2002], *lv denied* 98 NY2d 699 [2002]). We also conclude that defendant waived his right to be present at sidebar conferences during jury selection. The record establishes that defendant was informed of his right to be present at all such conferences and that defense counsel waived that right in defendant's presence, in open court (*see People v Lawrence*, 1 AD3d 625, 626 [2003], *lv denied* 1 NY3d 630 [2004]). The record further establishes that defendant failed to object to his absence at any sidebar conferences (*see People v Keen*, 94 NY2d 533, 538-539 [2000]; *Lawrence*, 1 AD3d at 626). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Hayes, JJ.