*342 OPINION OF THE COURT
Timothy J. Lawliss, J.
On September 15, 2008, the Clinton County Department of Social Services (hereinafter the Department) filed a petition with this court alleging that Breanna M. (date of birth: 2008) is a neglected child and that respondent, Alisa M., Breanna’s mother, is the person responsible for the neglect.
On December 11, 2008, the matter came before this court for a fact-finding hearing and the Department called Dr. Bruce Kokernot to the stand. After Dr. Kokernot took the stand, the judge and Dr. Kokernot engaged in the following exchange.
“court: Do you solemnly swear to tell the truth, the whole truth and nothing but the truth?
“dr kokernot: I swear to speak truthfully, Your Honor.
“court: Could you answer my question with a ‘yes’ or a ‘no’?
“dr kokernot: Um, I do not see truth as a scientific project, I speaking truthfully, it is a search for the truth.”
At this point, the court questioned the Department’s counsel as to whether counsel still intended to call Dr. Kokernot as a witness. Counsel responded affirmatively and after some discussion with counsel, the court questioned Dr. Kokernot again by asking: “it is not the issue of the word swearing, if I ask you do you solemnly affirm to tell the truth, the whole truth and nothing but the truth, your answer would be the same is that correct?” Dr. Kokernot indicated that his response would remain the same, indicating: “I do not hold that there is such a thing as the truth.” Upon questioning by the Department’s counsel, Dr. Kokernot did indicate that he would swear to “not say anything that is knowingly not truthful.” The court adjourned the fact-finding hearing and directed the parties to brief the issue of whether Dr. Kokernot’s answers were sufficient to deem Dr. Kokernot a sworn witness.*
CPLR 2309 (b) provides for the form of oaths and affirmations. “An oath or affirmation shall be administered in a form calculated to awaken the conscience and impress the mind of *343 the person taking it in accordance with his religious or ethical beliefs.” (Id.) Interestingly, CPLR 2309 (b) does not expressly specify what the conscience must be awaken to nor what the mind of the person must be impressed with.
According to the New York Court of Appeals, the oath is “designed to serve two discrete functions: to alert the witness to the moral duty to testify truthfully and to deter false testimony by establishing a legal basis for a perjury prosecution” (People v Parks, 41 NY2d 36, 45 [1976]; see also Matter of Brown v Ristich, 36 NY2d 183 [1975]). The form the oath takes is flexible and is deemed sufficient so long as it is calculated to awaken the conscience of the person taking the oath (People v Wilson, 255 AD2d 612 [3d Dept 1998]).
The oath (in whatever form) should be “an unequivocal act of assent to tell the truth” (Siegel, NY Prac § 388 [4th ed], citing 2d Preliminary Rep of Advisory Comm on Prac and Pro, 1958 NY Legis Doc No. 13, at 204). General Construction Law § 36 provides that the term oath includes “every mode authorized by law of attesting the truth of that which is stated.”
The court must decide whether the exchange between Dr. Kokernot and the court is sufficient, or can be supplemented to make it sufficient, to satisfy the requirements of an oath. On the one hand, there is no absolute language which must be employed for an oath for it to suffice. On the other hand, the oath must serve at some level to ensure that the witness is alerted to the moral duty to testify truthfully. In the instant matter, the question is posed as to whether any oath will suffice with a witness who appears to take the position that he cannot know the truth. It is unclear to the court whether Dr. Kokernot would agree with René Descartes’ assertion that “I think, therefore I am” and thereby yield that he knows one truth: he exists.
Counsel for both petitioner and respondent, as well as, the law guardian, have all offered suggested language to the court that they each respectively believe would suffice.
Counsel for petitioner: “Do you solemnly swear to truthfully answer the questions you are asked? Do you understand that if you give false testimony you are subject to the criminal penalties of contempt of Court and/or peijury?”
Counsel for respondent: “I, Bruce Kokernot, do hereby declare that the facts and opinions that I am about to give are, to the best of my knowledge and belief, accurate, correct, and *344 complete, and I acknowledge that my testimony is given under the penalty of perjury.”
Law guardian: “Do you solemnly swear or affirm to truthfully answer the questions you are asked? Do you understand that if you knowingly give false testimony you are subject to the criminal penalties of contempt of Court and/or perjury?”
When evaluating these proposals, the court considers the two functions the oath must serve: (1) to alert the witness to the moral duty to testify truthfully and (2) to deter false testimony by establishing a legal basis for a perjury prosecution. Turning initially to the second function, each proposed oath contains language advising the witness that his testimony would be given under the penalty of perjury. Generally, a person is guilty of perjury when he swears falsely (see Penal Law §§ 210.05, 210.10, 210.15.) A person “swears falsely” when “he intentionally makes a false statement which he does not believe to be true (a) while giving testimony” (Penal Law § 210.00 [5]). The court finds that the second function of the oath could be met by advising the witness of the consequences of giving false testimony.
The initial function of the oath, to alert Dr. Kokernot to his moral duty to testify truthfully, troubles the court more. Despite repeated attempts at clarification, the court still cannot discern the witness’ view of the difference between swearing to “speak truthfully” which is acceptable language to the witness versus swearing to the “tell the truth” which the witness finds unacceptable language. Truth is defined by Random House Webster’s Unabridged Dictionary, Second Edition as the “actual state of a matter” or “conformity with fact or reality.” Similarly, Black’s Law Dictionary, Eighth Edition defines truth as “[a] fully accurate account of events.” When Dr. Kokernot indicates that he cannot swear to tell the truth, the court can only interpret this statement as meaning that in the doctor’s opinion he cannot be certain as to a fact or a reality and therefore, cannot promise to state a fact or a reality. Fair enough. But how can the doctor then swear to speak truthfully? Again, Random House Webster’s Unabridged Dictionary, Second Edition defines truthful as an adjective meaning “conforming to a truth” (as in a truthful statement) or “corresponding with reality” (as in a truthful portrait). Truthfully is the adverb corresponding with the adjective truthful. Thus, when the doctor indicated that he is willing to swear to speak truthfully, he is stating that he will speak in a manner conforming with the truth and correspond *345 ing with reality. It is difficult for the court to understand how he can make such a promise if his position is that he does not know what the reality or the truth is and therefore, cannot swear to tell the truth. In short, the court does not see the difference between swearing to tell the truth and swearing to speak truthfully.
Although not articulated well by the witness, it appears to the court that the witness is attempting to distinguish between objective reality and his subjective opinion as to reality. If the court is correct, an oath can be administered to Dr. Kokernot that will satisfy the necessary functions of an oath. Further issues concerning the witness’ logic regarding the differences set forth above is best left for examination by counsel as suggested by respondent’s counsel.
The court concludes that the exchange that already occurred between the court and Dr. Kokernot needs to be supplemented. Thus, the court intends to administer the following oath to Dr. Kokernot:
“Do you solemnly affirm that the testimony that you are about to give will be, to the best of your knowledge and belief, accurate, correct, and complete? Do you understand and acknowledge that if you knowingly give false testimony that you are subject to the criminal penalties of contempt of Court and/or perjury?”
Therefore, it is hereby adjudged, that Dr. Kokernot’s answers to the court’s inquiry on December 11, 2008, supplemented as set forth above, are deemed by this court a sufficient oath to satisfy CPLR 2309 (b).

 The court has received written argument from all parties. All parties concur, setting forth, as noted below, different suggestions as to exactly what form the oath might take, that an oath is achievable sufficient to satisfy the requirements of both the law and what the witness is willing to state.