People v Parsons (2019 NY Slip Op 00772)





People v Parsons


2019 NY Slip Op 00772


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1240 KA 15-01663

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE PARSONS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (James J. Piampiano, J.), entered February 13, 2015. The order denied the CPL 440.10 motion of defendant after a hearing. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant was previously convicted after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), and criminal possession of a weapon in the third degree
(§ 265.02 [former (4)]), arising from an incident involving a shooting in August 2001. He appealed, and this Court affirmed (People v Parsons, 13 AD3d 1099 [4th Dept 2004], lv denied 4 NY3d 801 [2005], reconsideration denied 4 NY3d 855 [2005]). In January 2009, defendant moved in County Court (Geraci, J.) to vacate the judgment of conviction pursuant to CPL 440.10 (1) (c) and (h), alleging that the prosecutor knowingly presented false, material evidence at the trial and that the judgment was obtained in violation of his due process rights. The court denied the motion without a hearing. This Court reversed and remitted the matter for a hearing on defendant's motion (People v Parsons, 114 AD3d 1154 [4th Dept 2014]). Defendant now appeals by permission of this Court from an order denying his motion after a hearing. Contrary to defendant's contention, we conclude that County Court (Piampiano, J.) properly denied the motion.
Defendant contends that the court erred in denying the motion because he established that, at the time of the trial, the prosecutor knew that a witness had testified falsely before the grand jury and at trial and that the prosecutor failed to meet his Brady obligation to provide defendant with notice of that allegedly false testimony. We reject that contention and conclude that defendant failed to meet his "burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 440.30 [6]). In support of his motion, defendant submitted two affidavits of a witness who averred that he testified falsely at trial and that, prior to trial, he had informed the trial prosecutor that his anticipated trial testimony would be false. Although the witness repeated that claim when he testified at the hearing on defendant's motion, certain details of his testimony differed significantly from those provided in his affidavits, including details concerning how and to whom the witness admitted providing false testimony. Following the hearing, the court concluded that the witness was not credible based on, inter alia, his demeanor on the stand, the discrepancies between his testimony and the affidavits he provided, and his inherent lack of credibility. We conclude that the court "was entitled to determine, in view of the [evidence], that [the witness's] testimony was simply not credible . . . A hearing court's credibility determinations are entitled to great weight' in light of its opportunity to see the witnesses, hear the testimony, and observe demeanor" (People v Thibodeau, 151 AD3d 1548, 1552 [4th Dept 2017], affd 31 NY3d 1155 [2018]).
We also reject defendant's contention that the court erred in denying his request to introduce evidence of his innocence. Defendant's claim of actual innocence "was not raised in the motion and thus is not properly before us" (People v Swift, 66 AD3d 1439, 1440 [4th Dept 2009], lv denied 13 NY3d 911 [2009], reconsideration denied 14 NY3d 845 [2010]; see People v Hamilton, 115 AD3d 12, 20 [2d Dept 2014]). In any event, it "is well settled that actual innocence' means factual innocence, not mere legal insufficiency of evidence of guilt (see Bousley v United States, 523 US 614, 623-624 [1998]), and must be based upon reliable evidence which was not presented at the trial (see Schlup v Delo, 513 US [298,] 324 [1995]). The standard of proof generally applied is proof of actual innocence by clear and convincing evidence" (Hamilton, 115 AD3d at 23; see People v Alsaifullah, 162 AD3d 1483, 1486 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]). Here, some of the excluded evidence was presented at defendant's trial and the remainder, including the testimony of the witness, did not establish actual innocence.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court