■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE ALBERT BATES, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that he was denied effective assistance of counsel at his trial. The record demonstrates that counsel was familiar with the facts of this case and that he was able to employ the basic principles of criminal law and procedure *(People v Baldi,* 54 NY2d 137, 146-147; *People v Droz,* 39 NY2d 457, 462).

We reach a different conclusion with regard to the denial of defendant's CPL article 440 motion without a hearing. Defen-

dant moved to set aside the judgment of conviction on the ground that material evidence used at trial was false and the prosecutor knew it to be false (CPL 440.10 [1] [c]), and that the judgment was obtained in violation of his right to effective assistance of counsel based on a conflict of interest (CPL 440.10 [1] [h]). In our view, defendant's moving papers were sufficient to raise questions of fact requiring a hearing on the motion (CPL 440.30 [5]; *People v Ferreras,* 70 NY2d 630, 631).

Defendant should have a hearing on the issues raised in his CPL article 440 motion, and the hearing should be held before a Judge other than the one who presided over the CPL article 440 application. Defendant should be assigned counsel, who should be from a county other than Orleans.

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Orleans County Court, Miles, J.—criminal sale of marihuana, second degree.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.