■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. GREEN, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree and assault in the second degree.

Defendant and a codefendant, Abraham McKinney, were charged with having robbed and assaulted one Henry Epps. Another alleged participant in the incident, Alice Patterson, was indicted for robbery and grand larceny for her alleged participation in the same incident. The record discloses that all three defendants were represented at their separate arraignments by the same Public Defender. The possibility of a conflict of interest in the joint representation was explored by the court at the time of Patterson's arraignment but essentially not resolved, and guilty pleas were not entered on behalf of all defendants.

Defendant and codefendant McKinney were scheduled for a joint trial, at which both would be represented by the same Public Defender. Prior to the commencement of the trial, the court discussed briefly with defendant and codefendant McKinney the possible conflict of interest in having the Public Defender represent both defendants, each of whom expressed an understanding of the possible conflict of interest, but indicated a willingness to proceed to trial represented by the Public Defender. Significantly, Patterson was not a party to these discussions, nor was her role or representation explored.

As events unfolded, the People subpoenaed Patterson to testify on their behalf at trial, which she did. Following the trial, the People moved to dismiss the indictment against Patterson, to which motion the Public Defender, representing defendant and McKinney, stated that he had no objection. On inquiry from the court as to whether he was Patterson's counsel, the Public Defender responded that he "formally" was and had no objection to dismissal of that indictment.

Defendant moved to vacate his conviction pursuant to CPL 440.10 on the ground that it was obtained in violation of his right to effective assistance of counsel, arguing, among other things, that neither the court nor the Public Defender advised him that while the Public Defender was representing him, he was also representing Patterson, a witness against him. After a hearing, at which the People offered no proof, the court denied the motion. This was error.

"A defendant is denied the right to effective assistance of counsel guaranteed by the Sixth Amendment when, absent inquiry by the court and the informed consent of defendant, defense counsel represents interests which are actually in conflict with those of defendant" *(People v McDonald,* 68 NY2d 1, 8, *rearg dismissed* 69 NY2d 724). A conflict of interest exists when defendant's attorney represents a prosecution witness, even if the representation was on an unrelated charge *(People v Mattison,* 67 NY2d 462, *cert denied* 479 US 984; *People v Lombardo,* 61 NY2d 97; *People v Wilkins,* 28 NY2d 53, 55; *People v Bates,* 144 AD2d 970). If the Trial Judge is not aware of the underlying facts creating a potential conflict, it is defense attorney's burden "to alert both the client and the court to the potential risks involved, and to obtain the client's informed consent to counsel's continued representation despite those risks" *(People v McDonald, supra,* at 8). Moreover, the People are under an affirmative duty to bring the facts of the potential conflict to the attention of the trial court *(People v McDonald, supra,* at 8; *People v Mattison, supra,* at 469).

In this case, defendant proved at the CPL 440.10 hearing that the Public Defender was his assigned attorney, his codefendant's assigned attorney, and was originally assigned to represent Alice Patterson, who became a witness for the prosecution. Although defendant was eventually advised of the Public Defender's representation of codefendant McKinney, to which he assented, he was unaware of the Public Defender's representation of Patterson.

The court's conclusion that the Public Defender's represen-

tation of Patterson did not extend beyond arraignment finds no support in the record. Indeed, Patterson testified that, as far as she knew, the Public Defender was her attorney through the entire proceeding. No substitution of counsel was ever effected, nor was Patterson ever assigned a different attorney. Moreover, when the People moved to dismiss the indictment against Patterson after her trial testimony, the Public Defender indicated that he was "formally" her attorney and had no objection to the motion.

Once the defendant has sustained his burden on a CPL 440.10 motion, the burden shifts to the People to come forward with evidence to sustain the conviction. The People presented no evidence at this hearing. They did not call the Public Defender to testify to the facts concerning his representation of Patterson. The documentary evidence produced by defendant, including the transcript of Patterson's arraignment and of the dismissal of the indictment against her, as well as Patterson's testimony at the hearing, supports the conclusion that the Public Defender represented her throughout the entire proceedings.

Since we are ordering a new trial, it is necessary to address one other issue raised by defendant on this appeal, to wit, that the evidence fails to support a conviction for assault in the second degree for causing physical injury to a person during the commission of a robbery (Penal Law § 120.05 [6]). We agree.

Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The victim, Epps, testified that he was thrown to the ground during a scuffle and sustained a scrape on his face and on his right shoulder. The skin was scraped off and there was some bleeding. He testified that he did not feel pain, but felt a "stinging" like a bee sting. He sought no medical attention and it took a few days for the scrapes to heal. Although pain is a subjective matter, "there is an objective level * * * below which the question is one of law" (*Matter of Philip A.,* 49 NY2d 198, 200; *People v Cicciari,* 90 AD2d 853). On this record, the evidence is insufficient to establish that the victim sustained substantial pain. (Appeal from judgment of Orleans County Court, Miles, J.—robbery, first degree; assault, second degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.