■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE PARSONS, Appellant. [979 NYS2d 893]—

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered July 2, 2009. The order denied the CPL 440.10 motion of defendant without a hearing.

It is hereby ordered that the order so appealed from is unanimously reversed on the law and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: County Court erred in denying without a hearing defendant's motion seeking to vacate the judgment convicting him of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) on the grounds that material evidence adduced at his trial was false and was known by the prosecutor to be false prior to the entry of judgment and that the judgment was obtained in violation of his due process rights (*see* CPL 440.10 [1] [c], [h]). Defendant submitted two affidavits from a prosecution witness that "tend[ ] to substantiate all the essential facts" necessary to support defendant's claims (CPL 440.30 [4] [b]). The People submitted nothing in opposition to the motion that would require or indeed allow the court to deny the motion without a hearing (*see* CPL 440.30 [2], [4]) and, therefore, the court "was not statutorily authorized to deny defendant's motion without a hearing" (*People v Baxley*, 84 NY2d 208, 214 [1994], *rearg dismissed* 86 NY2d 886 [1995]; *see* CPL 440.30 [5]; *People v Bates*, 144 AD2d 970, 970-971 [1988], *lv denied* 73 NY2d 919 [1989]; *cf. People v Drake*, 256 AD2d 1159, 1160 [1998], *lv denied* 93 NY2d 969 [1999]; *People v Stern*, 226 AD2d 238, 240 [1996], *lv denied* 88 NY2d 969 [1996], *lv denied on reconsideration* 88 NY2d 1072 [1996]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Valentino, JJ.