■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PACE, Appellant. [64 NYS3d 825]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Herkimer County Court (Daniel R. King, A.J.), dated November 30, 2015. The order denied without a hearing the motion of defendant to vacate his judgment of conviction pursuant to CPL 440.10.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, and the matter is remitted to Herkimer County Court for a hearing pursuant to CPL 440.30 (5).

Memorandum: We agree with defendant that County Court erred in denying without a hearing his motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he did not receive effective assistance of trial counsel. In June 2007, defendant was arrested and charged with three felonies, including criminal sexual act in the first degree (Penal Law § 130.50 [1]), and three misdemeanors, including assault in the third degree (§ 120.00 [1]) and unlawful imprisonment in the second degree (§ 135.05). He was subsequently indicted for all six crimes. Unbeknownst to the People, however, defendant had already pleaded guilty to the three misdemeanor charges when he was initially arraigned in Town Court. Shortly before jury selection, the People learned of the earlier disposition of the misdemeanor charges by plea after "obtaining the lower court paperwork." The court returned the misdemeanor charges to Town Court for sentencing and proceeded to trial against defendant on the felonies, without any objection by defense counsel that such separate prosecutions violated the double jeopardy provisions of CPL 40.20.

After defendant was convicted of the three felonies, he filed a direct appeal with this Court that raised numerous contentions, including the contention that he was denied effective assistance of counsel. We specifically noted in our decision affirming the judgment, however, that defendant did not contend that defense counsel was ineffective in failing to seek dismissal of the felony charges under CPL 40.20 (*People v Pace*, 70 AD3d 1364, 1366 [4th Dept 2010], *lv denied* 14 NY3d 891 [2010]). Defendant thereafter filed the instant CPL 440.10 motion, raising that very contention. The court denied the motion without a hearing on the ground that defendant had unjustifiably failed to raise the contention on his direct appeal. We now reverse.

It is well settled that denial of a CPL 440.10 motion is required when a defendant unjustifiably fails to raise a ground or issue on a direct appeal and "sufficient facts appear[ed] on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion" (CPL 440.10 [2] [c]). There is no dispute that defendant, on direct appeal, did not raise the contention that his trial counsel was ineffective in failing to seek dismissal of the felony charges under CPL 40.20. The question is whether defendant could have raised that contention on direct appeal and thus whether his failure to do so was unjustifiable.

In order to succeed on a claim of ineffective assistance of trial counsel based on a failure to make a particular motion or objection, a defendant on a direct appeal or a CPL article 440 motion must demonstrate that the motion or objection, if made, would have been successful (*see People v Peterson*, 19 AD3d 1015, 1015 [4th Dept 2005], *lv denied* 6 NY3d 851 [2006]; *see also People v Caban*, 5 NY3d 143, 152 [2005]). Thus, defendant, in order to establish ineffective assistance of trial counsel on the direct appeal, would have been required to establish not only that trial counsel failed to seek dismissal under CPL 40.20, which is undisputed, but also that such a motion, if made, would have been successful. It is the latter factor that controls our analysis.

The People do not dispute that defendant was separately prosecuted for various offenses based upon the same act or criminal transaction, which is generally prohibited by CPL 40.20 (2), and defendant does not dispute that the occurrence of separate prosecutions was evident from the record on the direct appeal. Here, however, a determination whether a motion for dismissal under CPL 40.20 would have been successful could not have been made on the direct appeal and cannot be made on this appeal from the order denying the CPL article 440 motion. Resolution of that issue is dependent on a review of matters that were outside the record on direct appeal and are outside the record on this appeal. Moreover, considering the allegation that the "local court record is now missing," we conclude that defendant did not fail in his "obligation to prepare a proper record" (*People v Olivo*, 52 NY2d 309, 320 [1981], *rearg denied* 53 NY2d 797 [1981]).

As the People correctly contend, separate prosecutions are permitted under certain circumstances. Under subdivision CPL 40.20 (2) (a), separate prosecutions are permitted where "[t]he offenses *as defined* have substantially different elements *and*

the acts establishing one offense are in the main clearly distinguishable from those establishing the other" (emphasis added). Under subdivision (2) (b), separate prosecutions are permitted when "[e]ach of the offenses *as defined* contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil" (emphasis added). If *either* exception applies, then the motion for dismissal under CPL 40.20, if made, would not have been successful and trial counsel was not ineffective in failing to make such a motion.

Addressing first CPL 40.20 (2) (b), we conclude that the record on direct appeal was sufficient to determine whether that exception applied inasmuch as the applicability of that exception is based solely on the statutory definition of the offenses and the harm or evil those provisions were designed to prevent. Thus, the absence of the "lower court paperwork" is irrelevant to the analysis. In our view, defendant's contention, i.e., that CPL 40.20 (2) (b) would not have permitted the separate prosecutions, has merit. Even if the two misdemeanors of assault and unlawful imprisonment, as defined, contained different elements from the three felonies, "the evil to be inhibited— the prevalence of violence . . .—is common to [all five offenses] . . . [, and those five] offenses represent an aspect, to a varying degree of culpability, of deterring and punishing behavior likely to result in injury . . . It is significant in this regard to note that [those five offenses] gr[e]w out of acts nearly simultaneous in execution" (*People v Fernandez*, 43 AD2d 83, 91 [2d Dept 1973]). We need not resolve the applicability of subdivision (2) (b), however, because even if separate prosecutions were not permitted under subdivision 40.20 (2) (b), defendant must also establish that separate prosecutions were not permitted under CPL 40.20 (2) (a) in order to establish that a motion to dismiss the felonies under CPL 40.20, if made, would have been successful.

Unlike subdivision (2) (b), the determination whether separate prosecutions were permitted under subdivision (2) (a) could not have been made on the direct appeal because the "lower court paperwork" was not included in the record, and a review of the charging documents for the prior and current prosecutions is necessary to determine if acts establishing the misdemeanor offenses were "in the main clearly distinguishable from those establishing the [felony offenses]" (CPL 40.20 [2] [a]; *see generally Matter of Abraham v Justices of N.Y. Supreme Ct. of Bronx County*, 37 NY2d 560, 567 [1975]).

Inasmuch as the record on the direct appeal lacked the lower

court paperwork, the record on direct appeal was insufficient to determine whether a motion to dismiss the felony counts under CPL 40.20, if made, would have been successful. We thus conclude that defendant did not "unjustifiabl[y]" fail to raise the contention on direct appeal and that the court erred in summarily dismissing the CPL 440.10 motion on that ground (CPL 440.10 [2] [c]). We therefore reverse the order and remit the matter to County Court to conduct a hearing on defendant's motion. Present—Whalen, P.J., Smith, Lindley, NeMoyer and Curran, JJ.