People v Lee (2019 NY Slip Op 03516)





People v Lee


2019 NY Slip Op 03516


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1312 KA 16-01140

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH LEE, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), dated June 7, 2016. The order denied defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Monroe County, for a hearing pursuant to CPL 440.30 (5).
Memorandum: Defendant appeals from an order denying his CPL 440.10 motion to vacate a judgment convicting him, following a jury trial, of ten charges ranging from robbery in the first degree (Penal Law § 160.15 [1], [3]) to attempted petit larceny (§§ 110.00, 155.25). On a prior appeal, we affirmed the judgment of conviction (People v Lee, 284 AD2d 943, 943 [4th Dept 2001], lv denied 96 NY2d 920 [2001]).
Defendant filed seven postjudgment motions in state and federal court, all of which were denied. Defendant's codefendant, who was tried jointly with defendant, also filed several postjudgment motions and, in 2011, the Court of Appeals determined that the codefendant was entitled to a reconstruction hearing to determine whether he was present at a pretrial Sandoval hearing (People v Walker, 18 NY3d 839, 840 [2011]). Following the reconstruction hearing, Supreme Court concluded that the codefendant failed to meet his burden of establishing his absence from the Sandoval hearing (People v Walker, 117 AD3d 1578, 1579 [4th Dept 2014]). We reversed the order, vacated the codefendant's judgment of conviction, and granted him a new trial on the ground that the People, not the codefendant, had the burden of proving that he was present at the Sandoval hearing, which they failed to meet (id.). Defendant thereafter filed the instant CPL 440.10 motion, contending that he too was absent from the Sandoval hearing. Supreme Court summarily denied the motion, and we granted his CPL 460.15 application for a certificate granting leave to appeal.
We agree with defendant that denial of the motion was not mandated by CPL 440.10 (2) (c) inasmuch as sufficient facts did not appear in the trial transcript to permit adequate review of defendant's Sandoval contention on his direct appeal (see generally People v Pace, 155 AD3d 1669, 1673 [4th Dept 2017]). Moreover, defendant's motion relied on, inter alia, the testimony from the codefendant's reconstruction hearing, which was unavailable to defendant when he perfected his direct appeal. During that hearing, the codefendant testified that he and defendant were brought into the courtroom together, implying that they both were absent from the Sandoval hearing.
Furthermore, "[a]lthough a court may refuse to consider issues that were or could have been raised in prior postjudgment motions, we nevertheless exercise our discretion to reach the [*2]merits' . . . and we conclude that the court erred in denying the motion without a hearing" (People v Reed, 159 AD3d 1551, 1552 [4th Dept 2018]; see CPL 440.10 [3] [b], [c]). In our view, because defendant submitted credible evidence indicating that he was absent from the Sandoval hearing, and the People failed to counter that showing, the court erred in denying his motion without first conducting a hearing to resolve that issue (see Reed, 159 AD3d at 1552-1553; see also People v Jones, 24 NY3d 623, 636 [2014]; People v Parsons, 114 AD3d 1154, 1154 [4th Dept 2014]). We therefore reverse the order and remit the matter to Supreme Court for a hearing pursuant to CPL 440.30 (5).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court